EBENEZER RAND

*v.*

BRYANT T. SCOFIELD.

1. EVIDENCE — *tax receipts are not conclusive upon the question — on whose account and for whom payment was made.* Upon the question, on whose account and for whom payment of taxes has been made, the tax receipts therefor are not conclusive evidence. Like other receipts, they are susceptible of explanation.

2. TAXES — *payment of, may be made by an agent.* A principal can claim in support of his title the benefit of taxes paid by his agent, without reference to the state of accounts between them.

WRIT OF ERROR to the Circuit Court of Hancock county; the Hon. JOSEPH SIBLEY, Judge, presiding.

The facts in this case are sufficiently stated in the opinion of the court.

Mr. DAVID MACK, for the plaintiff in error.

Mr. N. BUSHNELL, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of ejectment brought by Scofield against Rand for the recovery of seven-ninths of a tract of land in Hancock county. The plaintiff proved a title derived from the patentee. The defendant claimed under color of title

and seven years' payment of taxes. The case was tried without a jury, and the court found the issues for the plaintiff.

It is admitted by the counsel for defendant in error, that the defendant below showed color of title. It is denied, however, that the proof of payment of taxes was satisfactory. The proof was made by one Henry Merrill, who came from the State of New York to Fulton county in this State in 1838, and has resided there ever since. Before leaving New York, he sold and conveyed the land to his brother, Alonzo Merrill, receiving a part of the purchase-money in hand and the residue afterward. The witness testifies that he began to pay the taxes in 1839, as agent of Alonzo Merrill. The land was, however, several times sold for taxes, so that the only seven consecutive years of payment were from 1848 to 1855. In 1856 the land was sold by Alonzo Merrill to the landlord of the defendant. The tax receipts for the above mentioned seven years were introduced, and although one of them was in the name of one Jesse Bennett, yet that fact is explained by the witness, who swears he sent the money to Bennett, for paying the taxes, and the receipt was sent back to them in a letter. Other receipts were in his own name, but the witness says, that all the payments were made by him as agent of Alonzo Merrill.

The real question in this case is, on whose account and for whom were the taxes paid? On that point the tax receipts are not conclusive. Like other receipts they are susceptible of explanation. *Hinchman* v. *Whetstone,* 23 Ill. 188. In this case, the witness swears that he paid the taxes during the seven years for his brother, who had the color of title, and produces the receipts, and explains in a satisfactory manner the discrepancies on their face. Inasmuch as his brother claimed the land and he did not, the statement that, in paying the taxes, he paid as agent for his brother, is certainly reasonable. He was cross-examined at some length for the purpose of showing whether his brother had advanced money to him for the taxes, or had refunded his expenditures. All this, however, was utterly immaterial if, as he swears, his brother had requested him to pay the taxes, and if, acting under said request, he did

pay them as his brother's agent. The principal can claim, in support of his title, the benefit of taxes paid by his agent, without reference to the state of accounts between them. The witness, however, swears that, after he sold the land to his brother, the latter sent him twenty dollars to apply on taxes, and that, in 1856, Hamilton W. Merrill, who had bought the land from Alonzo, settled and paid his account in behalf of Alonzo.

So far as the record shows, this is a plain case for the defendant. Perhaps the court below discredited the statements of the witness, as we are urged to do, but, although he seems to show a desire to sustain his brother's title, he is, on the main point, corroborated by the possession of the tax receipts, and we discover no grounds in the record for refusing our belief to his testimony. The judgment must be reversed and the cause remanded.

*Judgment reversed.*