# DANIEL T. ELSTON *et al.*

## *v.*

# CAROLINE KENNICOTT *et al.*

1. PRACTICE—*time within which to object to admissibility or sufficiency of evidence.* While it is the rule that the admissibility of evidence cannot be questioned, for the first time, in the appellate court, yet the sufficiency of the evidence to prove the issues may be questioned at any time and in all courts.

2. FORMER DECISION—*how far conclusive.* Where a case has been determined in an appellate court, and remanded for further proceedings, upon a second appeal the former decision will be deemed conclusive of the questions then presented; but if, upon the new trial below, further and material evidence be introduced, a new case is presented, so as to require the appellate court to consider the additional evidence in connection with that previously before the court, and to decide the case upon all the evidence thus appearing in the record.

3. PAROL EVIDENCE—*payment of taxes.* It is the settled rule of this court, that payment of taxes may be proved by parol, and receipts therefor may be explained or contradicted.

4. EVIDENCE—*sufficiency thereof, as to payment of taxes.* On the trial of a cause in which a party relied upon the bar of the limitation act of 1839, a prior owner of the premises testified explicitly that he paid all the taxes thereon every year during the time he owned it, being more than seven years. On a second trial, the same witness testified that he only remembered the amount of the several payments as shown by the receipts,

nor did he know otherwise that the entire amount due was paid. But the court considered the testimony given on the second trial, in connection with that on the first trial, when the witness proved the name of the person who paid the taxes, the lot on which they were paid, and that they were paid each and every year during the time. The evidence, taken all together, was sufficient to show the payment.

5. Even if a tax receipt is for a less sum than that extended on the collector's warrant against the property, that is not conclusive upon the question whether all the taxes were paid; and when it appears the person to whom the receipt was given called on the collector and offered to pay all the taxes, and did pay all that was claimed to be due, and the receipt states that the full amount had been paid, a jury may reasonably infer that the whole amount assessed was paid, and that a mistake was made in stating the amount in the receipt.

6. A mistake in the description of property on the assessment roll, will not invalidate a payment of taxes upon the proper lot, when it is correctly described in the collector's warrant. The property being properly described in the warrant, and the taxes paid according to such description, it will be presumed, for the purposes of the act of 1839, that it was legally assessed, and that the payment conforms to the requirements of the statute.

7. PAYMENT OF TAXES—*under color of title—by whom.* Where a party claiming land under color of title, conveyed the same, and on the next day he paid the taxes for the current year, which had been previously assessed against him, and which he was legally liable to pay, it was *held*, the payment would be regarded as having been made under and subordinate to the title he had conveyed, and would enure to the benefit of his grantee.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Messrs. GOUDY & CHANDLER, for the appellants.

Messrs. GOODRICH, FARWELL & SMITH, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This case was before us at a previous term, and is reported in 46 Ill. 187. The judgment was reversed and the cause

274        ELSTON *et al. v.* KENNICOTT *et al.*        [Sept. T.,

Opinion of the Court.

remanded, and another trial had ; and from the judgment then rendered, this appeal is prosecuted. The parties, by agreement, submitted the case to the court without the intervention of a jury, and agreed that the cause should be tried upon the evidence heard on the former trial, together with such additional testimony as either party might choose to introduce on the trial. The title under which each party claims, appears in the case as reported, and is therefore not given here. We there discussed the question whether the appellees had color of title, and it was held to be sufficient, and we still so regard it. No question arises in regard to possession. The question which is presented is, whether there is proof of the payment of taxes so as to entitle appellees to the benefit of the statute.

The tax receipts used as evidence were the same on both trials ; nor was any objection made to their admission on the trial ; and it is urged that appellants can not object to the admissibility of the evidence for the first time in this court. Such is unquestionably the doctrine of this court, but the rule is equally as firmly settled that, after the evidence is admitted the other party may question its sufficiency to prove the issue. Any other rule would render the introduction of evidence almost, if not quite, impracticable. When the evidence is admitted, it is permitted in all courts to urge its insufficiency before the jury or judge trying the issues. And in this case, appellants are not objecting that the evidence was inadmissible, but are contending that, when admitted, it fails to prove seven consecutive years of payment of all taxes while appellee was in possession ; and the question for our consideration is, whether the evidence sustains the finding of the court below.

The former decision of this court is urged as conclusive of the questions then presented, and of the case as it is disclosed by this record. So far as questions were then determined, that is true, but is not as to new questions and new facts. The very object of remanding a case for a new trial is to enable

the parties to introduce any other and further legitimate evidence. It is the purpose of the law to administer justice and afford protection to parties in their legal rights, and not to prevent its attainment by mere technical rules. When a case has been determined in an appellate court, and remanded for further proceedings, and on a new trial further and material evidence is introduced, it becomes a new case in so far as to require the additional evidence to be considered in connection with the evidence previously before the court, and decided upon all the evidence then heard.

When this case was previously before the court, Mong testified that he had paid all the taxes on the west third of the lot every year during the time he owned it, being more than seven years. His evidence was clear and explicit. On the last trial he testified that he only remembered the amount of the several payments as shown by the receipts, nor does he know otherwise that the entire amount due was paid. But this testimony must be taken in connection with his former evidence, in which he says he called on the officer each year, gave him the number of the lot, and informed him that he desired to pay all the taxes due on the same, and paid all the officer said was due. His evidence on the last trial but slightly, if at all, changes the effect of his previously given testimony. It still fully proves the name of the person who paid the taxes, the lot on which they were paid, and that he paid each and every year, during the time. We are satisfied that this is sufficient. He remembers calling on the officer, telling him he desired to pay the taxes, giving his name, the description of the lot, and that he received the receipts. His evidence is still as explicit on these questions as it was before, and on those questions further discussion is deemed unnecessary.

This court held in the case of *Hinchman* v. *Whetstone*, 23 Ill. 185, that payment of taxes might be proved by parol, and receipts therefor might be explained or contradicted. The same conclusion was arrived at in the case of *Rand* v.

*Scofield,* 43 Ill. 167, and the same conclusion was announced when this case was previously before this court, 46 Ill. 187. We regard this as the settled rule of this court, and decline its further discussion. While proof for that purpose may be introduced, it is important for the protection of all persons that, to have weight, it should be satisfactory and free from reasonable doubt. If it is loose, doubtful and unsatisfactory in its character it should receive but little weight. Those trying the issue would of course consider all the attendant circumstances, the remote or recent date of the payment, the intelligence of the witness, his memory, interest, fairness, and in short all that may disparage or support his testimony.

It is urged that receipt No. 1 for city taxes bearing date on the 7th day of November, 1845, is twelve and one-half cents less than the sum extended on the collector's warrant against the west one-third of the lot. After a careful examination of the record, we fail to find any portion of the collector's warrant in the bill of exceptions. But if it did appear, we are not prepared to hold that under the evidence in the case it could matter. Mong swears that he paid all the taxes that the officers severally claimed to be due, and that he designed to pay all, and supposed he had. When a party thus calls on the collector and offers to pay all of the taxes assessed on a tract of land, and the officer gives him a receipt in which he says the full amount has been paid to him, and receives the money, the presumption is strong that the full amount was paid and that the officer had made a mistake in the sum stated in the receipt, rather than in the amount received. We must presume the officer in such a case endeavors to get all, and when the tax payer endeavors to pay it, we may reasonable infer that the united efforts of the two would generally be successful. At any rate it is evidence from which a jury or a court may reasonably infer that all the taxes standing on the collector's warrant against the lot were paid.

The receipt No. 2, for State and county taxes for 1845, together with Mong's evidence, proves their payment, on the

1st of December, 1845. The receipt describes the lot as 30 feet on Madison street, by 189 feet deep, and as a part of lot 3, block 95, school section addition. The receipt shows that he paid on the proper quantity, in the proper lot, and although the sum is not specified in the body of the receipt, yet each kind of tax, and its amount, is indicated at the foot of each column, and the receipt states that dollars and cents " being the amount of county, State and special tax for the year 1845," was received on the property described ; and Mong's testimony fully proves that he paid this tax. The statute, then, began to run on the first day of December, 1845, and the seven years were completed on the corresponding date in 1852, and if all taxes legally assessed during that period were paid by Mong, or some person else under and in subserviency to the color, the bar then became complete.

The objection to receipt No. 3 is, that it is a payment on the west third of the lot, while the lot was assessed as the south, north and middle thirds.

We have looked into the record and find that the assessor's roll so describes it. The south third is assessed to W. H. Kennicott, the middle third to George Brown, and the north third is not assessed in the name of any person ; but the collector's warrant has the east third in the name of Kennicott, the west third in the name of D. Mong, and it is marked paid on the warrant. Mong, then, paid the tax that stood against his third of the lot on the collector's warrant, and he paid according to that description and the requirements of the warrant. He saw that the tax was against that third, and paid it, and in doing so he did not go back of it to learn whether the assessor had made any mistake in the description. When the tax warrant issues, and the property is there properly described, we will presume that it was, for the purposes of the statute giving this bar, legally assessed, and that when the payment is made, it conforms to the requirements of the statute.

When the case was previously before this court, it was held that an assessment, technically illegal, would not render his payment nugatory, and the same doctrine was announced in the case of *Chickering* v. *Faile,* 38 Ill. 342. When he found his property correctly described on the tax warrant, and paid the taxes there appearing against it, he did all the law required, nor can that payment be destroyed by showing that there was a mis-description of the property on the assessor's roll. It was a warrant legally issued, and authorized the officer to enforce the payment of the taxes extended against this third of the lot, and the warrant would have justified the collector in enforcing payment by distress on Mong's property. And it was so far legal and valid that the tax would not have been enjoined, nor could Mong escape its payment. The tax was therefore legally assessed, if not for all purposes, it was for the purposes of the act of 1839, under which this bar is interposed. No objection is urged to receipt No. 4.

Receipt No. 5 fails to state in what portion of the city the lot upon which the tax was paid, was located. But that defect is fully supplied by the testimony of Mong. He says he owned no other property on Madison street, and never paid on any other, and that he always paid on this portion of lot three. Receipt No. 5 is for the city taxes of 1847, and is for $1.63, while it is urged the warrant for that year shows that those taxes amounted to $2.62½. Conceding this to be true, the objection is answered by what is said in reference to receipt No. 1.

Receipt No. 6 fails to contain a sufficient description of the lot, but the defect is supplied by the evidence of Mong. We pass over all the intermediate receipts, to No. 12, as what has already been said disposes of objections to them. That receipt was dated on the 30th of December, 1850, but the blank left to be filled to indicate the year for which they were levied, was not filled by the collector. We said, when this case was previously before us, that this receipt, with the other evidence, proved that the tax was for the year 1850. As

receipts were produced for the previous and succeeding years, we can arrive at no other conclusion but this payment was for the taxes of the year 1850.

As to receipt No. 13, for the taxes of the city for 1851, we see it is for the entire lot, and for but $6.37½, while the tax warrant shows a larger sum on the lot. It, however, appears that the sum paid was extended to the west third of lot three, and was the amount paid by Mong. This, then, proved that he paid the tax that was assessed against his third, and that payment can not be affected by a failure of the officer to describe his third in the receipt. Mong swears he never paid on any other portion of the lot.

It is urged that Mong paid the State and county taxes for the year 1852 after he had sold the property to Kennicott. It appears he conveyed by quit-claim deed to Kennicott on the 1st of February, 1852, and paid the taxes on the next day. He seems to have paid them for the benefit of the title he had sold, and not merely as a volunteer. They were assessed upon it while he was the owner, and under the revenue law then in force, the collector could have distrained upon his personal property, and thus collected this tax. He was, then, under a legal obligation to pay the tax, and it will, under the facts thus presented, be presumed that the payment of taxes which had accrued under this title, and paid by reason of a legal liability to the State arising therefrom, was under and subordinate to that title. Had he paid them when there was no legal liability, and no agreement to do so, but simply as a volunteer, or under another claim of title, then such a payment could not be counted as one of the seven, necessary to complete the bar of the statute.

Receipt No. 16 was for the city taxes of 1852, and was dated on the 8th of November of that year. It appears to be regular and properly admitted in evidence. This, then, completed the full payment of taxes for the required statutory period. And from what has been said here in connection with what was said when the case was formerly before

the court, it is seen that the proof of the payment of such taxes was properly made to render the statute availing. Appellees then showed that they were in a position to successfully invoke the aid of the statute to bar the action as to the west third of the lot, and as to it no error is perceived in the judgment of the court below.

We now come to consider the question whether payment of taxes for seven successive years on the east third of this lot has been proved. On this branch of the case there has been no change in the evidence since the case was previously before us, except the oral evidence of Taylor, which was introduced on the last trial in the court below. We have examined it carefully, but it fails to impress us with a conviction that he has proved the payment of the taxes, to which he swears. He had no interest in the transaction, and this being so, it seems to us almost impossible that, after such a length of time, a person could recall a transaction of this character, when there was no other occurrence or event immediately connected with it, in the slightest degree calculated to impress it so indelibly on the memory. It was an event of daily occurrence for a considerable period in each of several years, that he was in some manner connected with the payment and collection of taxes. And this witness, a number years previously, when examined in reference to the payment of taxes for the same year, knew nothing of it. At that time it had entirely faded from his memory, and it seems incredible that years afterwards it could be fully restored to his memory.

Again, when cross-examined as to other concurrent circumstances that must have fallen under his observation, his memory seems to be at fault. That, from constant effort, it may be that the witness has persuaded himself that he has recalled to mind the facts to which he testifies may be true, but he fails to show by what process his memory has again re-possessed itself of long-forgotten occurrences. Believing that such could not be done by ordinary minds, we cannot believe that the payment of that tax was sufficiently proved,

and without it there is no view of the case in which it can be held that the bar of the statute has been proved as to the east third of the lot. And failing to do so, the court below erred in finding that a bar had been proved as to it.

For this error, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*