## PLEASANT WEST

*v.*

## NELLIE DOUGLAS *et al.*

*Filed at Springfield, May 8, 1893.*

1. APPEALS AND WRITS OF ERROR—*of a second appeal—what matters may be considered.* The decision of a case by an Appellate Court on the merits is final as to the matters decided, and is conclusive upon the parties upon a second appeal or writ of error in the same case. The points and questions thus considered and decided can not be again brought before such court for review, and can not be reconsidered except upon petition for rehearing.

2. After a judgment of reversal by an Appellate Court, and a remanding order for further proceedings in conformity with the opinion filed, the parties will not be allowed to present the same objections or issues as before, although in a different form, and only as to such questions as are substantially new will the case be open for further consideration.

3. Where a case has been determined in an Appellate Court and remanded for further proceedings, and on a new trial further and material evidence is introduced, it becomes a new case in so far as to require the additional evidence to be considered in connection with the evidence previously before the court.

4. Where this court reverses the decree of the Circuit Court for error in finding that a deed was not delivered and accepted, and remands the cause for further proceedings not inconsistent with the opinion filed, the parties may introduce further evidence as to the fact of delivery of the deed, and if it makes a case essentially different from that presented to this court on the appeal, the party appealing from the second decree may assign for error the decision of the Circuit Court upon the case thus made, as *res nova.*

5. But if the case on the second hearing is submitted as to the issue, whether there was a delivery of the deed, upon substantially, if not precisely, the same evidence as before, the decision of this court as to that issue will be conclusive, and that branch of the case, on a second appeal, must be treated as *res judicata.*

APPEAL from the Circuit Court of Vermilion County; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

Mr. C. PORTER JOHNSON, Mr. ALEXANDER S. BRADLEY and Mr. CONSIDER H. WILLETT, for the appellant.

Mr. W. R. LAWRENCE, for the appellees.

Mr. CHIEF JUSTICE BAILEY delivered the opinion of the Court:

This case is now before us a second time, a former decree in favor of the present appellant having been reversed by this court, and the cause having been remanded to the Circuit Court for further proceedings, not inconsistent with the views expressed in the opinion then filed. *Douglas et al.* v. *West*, 140 Ill. 455. Since the determination of that appeal, another hearing has been had in the court below, resulting in a decree in favor of the appellees, and the appellant now brings the record here for review.

A bill was filed by the appellees, to restore a lost deed, executed by Thomas D. Bruer and wife, conveying to the appellees certain real property in Danville, Vermilion county, and to confirm their title to the premises so conveyed. The substantial defenses, as stated and insisted upon by the answer are, first, that Bruer did not execute the alleged deed, and, second, that at the time the deed is claimed to have been executed, Bruer was of unsound mind, and incapable of transacting ordinary business, or of conveying away or disposing of his property.

When the case was first heard in the Circuit Court, the contention between the parties was confined to the first of these defenses. The fact that Bruer and wife signed and acknowledged the deed seems to have been satisfactorily proven, but it was insisted by the defendant that the deed was not delivered by the grantors, or accepted by or on behalf of the grantees, so as to convey to them the title. The evidence adduced by the parties was upon this issue, and none was offered tending to show that Bruer was of unsound mind. The Circuit Court reached the conclusion that the delivery and acceptance of the deed was not established, and thereupon rendered a decree dismissing the bill for want of equity. But this court, on appeal, reviewed the evidence, and held that a delivery and acceptance sufficient to pass the title to the grantees was proved,

and entered a judgment reversing the decree, and remanding the cause to the Circuit Court for further proceedings, not inconsistent with the opinion filed.

Under the remanding order, the parties were doubtless at liberty to introduce further evidence pertinent to any of the issues made by the pleadings. If additional evidence bearing upon the question of delivery and acceptance was in existence and available, the defendant was at liberty to present it, and if in so doing, he had succeeded in making out a case essentially different from the one presented to this court on the former appeal, he would now be at liberty to assign for error the decision of the court below upon the case thus made, as *res nova*. But he did not do so. At the second hearing, the case was submitted, so far as that issue was concerned, upon substantially if not precisely the same evidence as before. Under these circumstances, our former decision, so far as the question of delivery and acceptance is concerned, is conclusive, and that branch of the case must now be treated as *res judicata*.

The rule is, that a decision of a case by an appellate court on the merits is final as to the matters decided, and is conclusive upon the parties upon a second appeal or writ of error in the same case. The points and questions thus considered and decided can not be again brought before such court for review, and can not be re-considered, except upon petition for a re-hearing. *Smyth* v. *Neff*, 123 Ill. 310; *Newberry* v. *Blatchford*, 106 id. 584; *Champaign County* v. *Reed*, id. 389; *Loomis* v. *Cowen*, id. 660; *Moshier* v. *Norton*, 100 id. 63; *Tucker* v. *The People*, 122 id. 583; *Miller* v. *Pence*, 131 id. 122; *Hough* v. *Harvey*, 84 id. 308; *Johnson* v. *Von Kettler*, id. 315; *Ogle* v. *Turpin*, 8 Ill. App. 453; *Keiser* v. *Cox*, 16 id. 190; *Desplaines* v. *Poyer*, 22 id. 574; *Gardner* v. *Bunn*, 24 id. 627. In *Elston* v. *Kennicott*, 52 Ill. 272, the same rule was recognized, but it was also said that, "When a case has been determined in an appellate court, and remanded for further

proceedings, and on a new trial further and material evidence is introduced, it becomes a new case in so far as to require the additional evidence to be considered in connection with the evidence previously before the court, and decided upon all the evidence then heard." And in *Green* v. *City of Springfield,* 130 Ill. 515, it was held that after a judgment of reversal by this court, and a remanding order for further proceedings in conformity with the opinion, the parties will not be allowed to present the same objections or issues as before, although in a different form, and that only as to such questions as are substantially new will the case be open for further consideration.

Upon the last hearing in the court below, a large amount of evidence was introduced by the respective parties bearing upon the mental condition of Thomas D. Bruer at the time the deed to the appellee was signed and acknowledged, and at the time it was delivered. It is undisputed that, at that time, he was far advanced in years, being about eighty-six years of age, and that he was then suffering, to a very considerable degree, both physically and mentally, the effects of the decay and decrepitude usually incident to old age. It also appears that some six or eight months after the delivery of the deed, he became so far affected with *senile dementia,* that in proceedings instituted for that purpose, he was declared insane and committed to the insane hospital at Kankakee, where he died a few months later.

The direct evidence bearing upon the question of his mental condition at and before the date of the delivery of the deed, as is usual in cases of this character, is very voluminous and very conflicting. In the opinion of a large number of witnesses produced on behalf of the appellant, he was insane at that date, and had been so for a considerable time prior thereto, and for that reason was incapable of transacting or understanding ordinary business, or of comprehending the nature and effect of his act in executing

and delivering the deed. A considerable number of witnesses, on the other hand, express a contrary opinion, and several of them detail business transactions had by them with Bruer at or near the date of the execution and delivery of the deed, and in which he manifested a fair business capacity. The testimony of these witnesses seems to us to be very considerably fortified and corroborated by various circumstances appearing in the record, and which it would be difficult to explain consistently with the theory insisted upon by the appellant, that Bruer, at the time, had reached a condition of senile imbecility.

We shall not attempt an analysis of the evidence, as our doing so could serve no useful purpose. We have given the entire evidence a careful consideration, and need only say, that while the result to be fairly drawn from it is exceedingly doubtful, we are not prepared to say that there is any such preponderance against the conclusion reached by the learned chancellor who heard the case in the court below as would justify us in disturbing the decree.

The decree will be affirmed.

*Decree affirmed.*