ALLEN T. PRENTICE *et al.* Appellees, *vs.* RICHARD T. CRANE, Appellant.

*Opinion filed April 23, 1909—Rehearing denied June 12, 1909.*

1. APPEALS AND ERRORS—*Supreme Court may enter final judgment or remand the cause.* The Supreme Court may in any case, either at law or in equity, render final judgment as provided by section 110 of the Practice act, or in case of a reversal may remand the cause to the inferior court.

2. SAME—*inferior court must be governed by the opinion rendered by Supreme Court.* Where a cause is remanded by the Supreme Court it is the duty of the inferior court, in any case, to examine the opinion of the Supreme Court and conform its action to it, and in case of a general remandment without specific directions it must be determined from the nature of the case what further proceedings will be proper and not inconsistent with opinion.

3. SAME—*rule where merits of case have not been determined.* Where the merits of the case have not been determined by the Supreme Court an amendment of the pleadings and the introduction of additional evidence may be permissible, and while the inferior court is concluded by the legal principles announced in the opinion, other facts may be proved within those principles which obviate the objections to granting the relief sought or the allowance of the defense interposed.

4. SAME—*if case has been determined on its merits the issues cannot be re-tried.* If the merits of a case have been determined by the Supreme Court and the rights of the parties fixed, a direction to the trial court for further proceedings not inconsistent with the views expressed in the opinion does not permit of the introduction of further evidence for another trial of the same issues and a different determination of them. (*West* v. *Douglas,* 145 Ill. 164, explained.)

FARMER and CARTER, JJ., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

ASHCRAFT & ASHCRAFT, (E. M. ASHCRAFT, of counsel,) for appellant.

KRAUS, ALSCHULER & HOLDEN, and JAMES H. BARNARD, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Allen T. Prentice and Lizzie P. Crane, the appellees, brought this case to this court·by appeal from a decree of the circuit court of Cook county dismissing their bill filed in that court to set aside a quit-claim deed of their father, Alonzo T. Prentice, to Richard T. Crane, appellant. Upon a consideration of the evidence and the legal effect of the same it was found that the circuit court arrived at an incorrect conclusion as to the validity of the deed, and it was determined that the deed was void for fraud of the appellant in procuring it. The decree was accordingly reversed and the cause was remanded to the circuit court for further proceedings not inconsistent with the views expressed in the opinion of the court then delivered and filed in the cause. (*Prentice* v. *Crane,* 234 Ill. 302.) Upon the re-instatement of the cause in the circuit court the appellant entered his motion for another hearing of the cause and leave to introduce further evidence in his behalf. The court denied the motion and entered a decree finding that the execution of the deed was procured through false and fraudulent representations of appellant and was therefore void, setting aside said deed as a cloud upon the title of the appellees, ordering an assignment of the homestead and dower of appellant and partition of the premises, and directing an accounting of rents and profits. From that decree this appeal was prosecuted, and the assignment of error is the refusal of the court to permit a second hearing and the introduction of further evidence by appellant.

The issues of fact in the case were whether Alonzo T. Prentice was mentally competent to execute the deed, and whether it was obtained by false and fraudulent representations of appellant that his deceased wife had left a last will and testament giving all her property to him and that said will had been inadvertently destroyed. The case was considered by this court on its merits, and the conclusions

reached were expressed in an opinion stating that the evidence showed such debility of body and feebleness of mind in Alonzo T. Prentice as to render him an easy victim of fraud and imposition, and also showed that the representation of appellant that his deceased wife had left a last will and testament giving all her property to him was false and fraudulent, and that the charge in the bill that the execution of the deed was procured through such false and fraudulent representation was sustained by the evidence. As that finding was conclusive, the question whether the grantor had sufficient mental capacity to execute the deed became immaterial and was not considered. The decree dismissing the bill was reversed and the cause was remanded for further proceedings not inconsistent with the views so expressed.

The motion for another hearing was supported by the affidavit of appellant's solicitor that if the cause was set for hearing he would offer additional evidence tending to show that Alonzo T. Prentice was capable of making the deed, and testimony tending to show the disbursements of large sums of money among the heirs of the deceased wife of appellant, amounting to about $40,000, and that said Allen T. Prentice was a large beneficiary in the distribution of said sums. The affidavit further stated that the solicitor would offer evidence tending to show that the deceased wife executed a will substantially as set forth in the letter of appellant, in which will appellant was the chief beneficiary; that appellant inadvertently destroyed said will; that the will provided for giving certain sums of money to certain heirs of the testatrix and gave all the rest and remainder of the estate, including the property in question, to appellant, the letter being erroneous in stating that the testatrix willed everything to the appellant.

This court may in any case, either at law or in equity, render final judgment as provided by section 110 of the Practice act, or, in case of a reversal, may remand the

cause to the inferior court. If the cause is one where the parties are entitled to a trial of the issues of fact by a jury the inferior court must be governed by the legal principles laid down in the opinion in any further proceedings in the case, but the conclusion of this court as to matters of fact does not control upon another trial where the facts are to be determined from the evidence then introduced. If the case is one where there is no right to a jury trial, this court, upon reversing the judgment or decree and remanding the cause, may direct the inferior court to enter a particular judgment or decree or give directions which will have that effect. In any case it is the duty of the inferior court to examine the opinion and conform its action to it, and in case of a general order reversing a judgment or decree and remanding the cause without specific directions, it must be determined from the nature of the case what further proceedings would be proper and not inconsistent with the opinion. If the case has been considered on its merits and they have been determined, the only proceeding that could be had not inconsistent with the opinion would be to enter a decree in accordance with it. If the merits of the case have not been determined, an amendment of the pleadings and the introduction of additional evidence may be permitted, and while the inferior court is concluded by the legal principles announced, other facts may be proved within those principles which obviate objections to granting the relief sought or to the allowance of the defense interposed. If necessary to accomplish the ends of justice, this court may give leave to make amendments to the pleadings, as was done in *McConnel* v. *Holobush*, 11 Ill. 61, and other cases, or to introduce additional evidence, as was permitted in *Eppstein* v. *Kuhn*, 225 Ill. 115. If the grounds of reversal are of a character to be obviated by amendments of the pleadings or the introduction of additional evidence, such procedure may not be at all inconsistent with the opinion of this court and may be proper.

(*Chickering* v. *Failes,* 29 Ill. 294; *Dinsmoor* v. *Rowse,* 211 id. 317; *Washburn & Moen Manf. Co.* v. *Chicago Galvanized Wire Fence Co.* 119 id. 30.) If, however, the merits of the case have been determined and the rights of the parties fixed, any different determination of the same would be inconsistent with the views expressed by this court, and the only decree that could be entered would be one which accords with such views. In such a case a direction for further proceedings not inconsistent with the views expressed in the opinion does not permit another trial of the same issues and a different determination of them. *Hollowbush* v. *McConnel,* 12 Ill. 203; *Wadhams* v. *Gay,* 83 id. 250; *Newberry* v. *Blatchford,* 106 id. 584; *Hook* v. *Richeson,* 115 id. 431; *Gage* v. *Bailey,* 119 id. 539; *Buck* v. *Buck,* id. 613; *Sanders* v. *Peck,* 131 id. 407; *City of Chicago* v. *Gregsten,* 157 id. 160; *Lynn* v. *Lynn,* 160 id. 307; *Hardin* v. *Shedd,* 177 id. 123; *Blackaby* v. *Blackaby,* 189 id. 342; *In re Estate of Maher,* 210 id. 160; *Noble* v. *Tipton,* 222 id. 639.

The case of *West* v. *Douglas,* 145 Ill. 164, was a second appeal in a suit in equity to restore a lost deed and to confirm title to the premises thereby conveyed. The defenses stated and insisted upon by the answer were: First, that the grantor did not execute the alleged deed; and second, that at the time the deed was claimed to have been executed he was of unsound mind and incapable of making the same. When the case was first heard in the circuit court the controversy was confined to the first of these defenses, and the circuit court reached the conclusion that the deed was not delivered. The evidence was reviewed by this court, and the view that the deed was delivered was expressed in the opinion then filed. (*Douglas* v. *West,* 140 Ill. 455.) The decree of the circuit court dismissing the bill was reversed and the cause was remanded to that court for further proceedings consistent with the views expressed in the opinion. The case was again heard in the circuit court, resulting in

a decree in favor of the complainants. On the second hearing the case was submitted on the question of delivery upon substantially, if not precisely, the same evidence as before, and it was held that the former decision on the question of delivery and acceptance was conclusive, but at the second hearing a large amount of evidence was introduced by the respective parties concerning the mental condition of the grantor, and that evidence was reviewed on the second appeal and the decree was affirmed. The court said: "The rule is, that a decision of a case by an appellate court on the merits is final as to the matters decided and is conclusive upon the parties upon a second appeal or writ of error in the same case. The points and questions thus considered and decided cannot be again brought before such court for review and cannot be reconsidered except upon petition for a rehearing," and numerous cases were cited where the rule is declared. Following those authorities, the court referred to *Elston* v. *Kennicott,* 52 Ill. 272, as recognizing the rule, but quoted from the opinion in that case this statement: "When a case has been determined in an appellate court and remanded for further proceedings and on a new trial further and material evidence is introduced, it becomes a new case in so far as to require the additional evidence to be considered in connection with the evidence previously before the court and decided upon all the evidence then heard." Now, *Elston* v. *Kennicott* was an action of ejectment, and on the first appeal the judgment was reversed and the cause remanded. (*Elston* v. *Kennicott,* 46 Ill. 187.) When the cause was re-instated there was another trial and from the judgment then rendered the second appeal was prosecuted. The parties had a right to a jury trial and a decision upon the evidence introduced on such trial. The parties waived a jury and agreed that the cause should be tried on the evidence heard on the former trial, together with such additional testimony as either party might choose to introduce on the trial. The statement con-

cerning additional evidence in connection with the evidence previously before the court had no application to the chancery case in which it was quoted. In *West* v. *Douglas* the court also referred to *Green* v. *City of Springfield,* 130 Ill. 515, which was a proceeding in the county court to confirm a special tax, where it was held that after a judgment of reversal by this court and a remanding order for further proceedings in conformity with the opinion, the parties would not be allowed to present the same objections or issues as before, although in a different form. On the first appeal it was held that the county court erred in sustaining certain objections. (*City of Springfield* v. *Green,* 120 Ill. 269.) When the cause was re-instated, objections which were in substance but repetitions of the same objections were filed, but it was held that the objectors were not entitled to renew the same objections. The cases so cited in *West* v. *Douglas* did not sustain the statement that if additional evidence bearing upon the question of delivery and acceptance was in existence and available the defendant was at liberty to present it, but established to the contrary.

In this case the decision was on the merits, and to have permitted what was asked by the appellant would have been to open up for re-trial a question already tried and determined. The view expressed in the opinion was that the deed was obtained by false and fraudulent representations of the appellant. It was said that he must have known if his wife executed a will and who the witnesses were; that if he had had other evidence of the existence of a will he should have applied to the court for time in which to procure and present it; that he did not ask for time and did not suggest that he could produce evidence if time was allowed, but that he rested his cause upon the evidence then in the record. Upon that evidence the issue was decided against him, and the circuit court had no power to re-open the case for the introduction of additional evidence which appellant failed to produce on the former hearing. No pro-

ceeding in the lower court would have conformed to the opinion of this court except the decree which was entered. The decree is affirmed.                    *Decree affirmed.*

FARMER and CARTER, JJ., dissenting:

We do not concur in the view taken by the court that under the remanding order made by this court when the decree of the trial court was reversed that court had no authority to do anything but grant the prayer of the bill. If such a remanding order is conclusive on the trial court in some cases we do not understand it to be so in all cases. The effect to be given such remanding order must to some extent depend upon circumstances. If this were not so and the trial court has no authority, under such form of order, to do anything but grant the prayer of the bill, then it would seem the proper method would be to give such directions specifically in the order. Where such directions are not given but the order to the trial court is to proceed consistently with the views expressed in the opinion, the trial court is at liberty, not to re-try on the same evidence questions that have been adjudicated, but, if justice demands and the circumstances of the case require, to hear other evidence, to the end that no litigant may be deprived of any right without a fair opportunity to be heard. *West* v. *Douglas,* 145 Ill. 164, is not the only case to be found in our Reports holding, as we understand, a contrary view to that expressed in the opinion of the court in this case.

But if it be assumed that the effect, generally, to be given an order remanding a cause, with directions to the trial court to proceed in accordance with the views expressed in the opinion, is as stated in this case, we think none of the cases cited in the opinion justify the action of the circuit court, under the circumstances of this case, in refusing to hear any evidence after the case had been remanded. The charge in the original bill was that Alonzo T. Prentice had not sufficient mental capacity to make the deed in ques-

240—17

tion.   Upon that issue the evidence was heard, and, as we understand it, although it does not very clearly appear from the abstract, it was not until the decision of the court had been announced, holding the evidence insufficient to sustain the charge of want of mental capacity, that the bill was amended, charging the deed was procured by false and fraudulent representations.   No further evidence was heard after this amendment, and the court, adhering to its decision, dismissed the bill for want of equity.   This court reversed that decree on the sole ground that the evidence showed the deed was procured through false and fraudulent representations.   (*Prentice* v. *Crane,* 234 Ill. 302.)   As that was not an issue in the case when the evidence was heard and the case decided by the trial court in favor of appellant, he should not be prejudiced for not anticipating that this court might hold the proof sustained the charge in the amendment and asking leave to introduce proof upon that question.   Having introduced proof to meet the charge in the bill when the proof was taken and obtained a decision in his favor, appellant could not reasonably have been expected to then introduce further evidence on the charge made in the amendment.   If it be conceded that as to the issue of lack of mental capacity in Alonzo T. Prentice to make the deed appellant was not entitled, under the remanding order, to be again heard, he should not be deprived of the right to be heard and to introduce his testimony upon the charge made by the amendment, of false and fraudulent representations.   Upon this question he has never been heard, and whatever view may be taken as to the effect that generally should be given to such a remanding order as was made in this case, we think, when the circumstances under which the case was presented to and decided in the trial court are considered, it clearly appears that to hold appellant could not offer proof on the question he had never been heard upon, is going farther than any case has heretofore gone, and in our opinion is not supported by authority.