## Curt Teich, Appellee, v. Midland Machine Company et al., Appellants.

### Gen. No. 17,809.

1. CORPORATIONS—*Chancery rule as to sworn answer.* Where a
bill is based on the Corporation Act, § 25, the rule as to the effect
of sworn answers in chancery applies.

2. CORPORATIONS—*evidence that only one-half of stock was paid
for.* In a suit based on Corporation Act, § 25, by a holder of an un-
satisfied judgment against defendant corporation, the evidence is
insufficient to sustain a finding that the capital stock of defendant
was less than half paid for where the sworn answer alleges that
all of the stock, amounting to $50,000 was fully paid for and one
of the directors testifies that all the capital was paid in cash,
which in his belief was deposited in one bank, and complainant's
only evidence is that the deposits at such bank were only $18,000
for the alleged period of organization of the corporation, together
with admissions by the two sole stockholders who are both directors
that they authorized an indebtedness mentioned in the answer ex-
ceeding the capital stock by $5,000.

3. CORPORATIONS—*when decree cannot be sustained under Cor-
poration Act, §16.* A decree against a corporation and its stock-
holders cannot be sustained on the theory that the two sole stock-
holders thereof as officers and directors assented to liabilities in
excess of the capital stock and are liable to its creditors under the
Corporation Act, §16, where neither the bill nor the decree was
drawn on that theory and there is no finding of facts in the
master's report or the decree which tends to show that the decree

was entered on the basis of such a liability and the form of the decree is that of a judgment at law.

Appeal from the Circuit Court of Cook county; the Hon. RICH-ARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed February 13, 1913.

FELSENTHAL & BECKWITH, for appellants, ARTHUR C. BACHRACH, of counsel.

A. G. DICUS, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

Appellee, having an unsatisfied judgment against the Midland Machine Company, an Illinois corporation, filed a bill in chancery against the corporation and its stockholders. The bill alleges that the corporation has allowed an execution upon appellee's judgment to remain unsatisfied for not less than ten days after demand made and a return of *nulla bona* by the sheriff, and "has ceased doing business leaving debts unpaid;" that Adolph Linick, Aaron J. Jones and Sigmund Faller owned all the capital stock of the corporation, amounting to $50,000, of which Linick and Jones each held $24,900 in par value and Faller $200; that said stock was never fully paid; that the corporation fraudulently transferred part of its property and its stockholders appropriated and divided the remainder, and that the corporation had equitable interests "of some nature or kind which ought to be applied to the payment of said judgment." The bill then propounds a number of interrogatories to be answered under oath by the defendants. A joint and several answer under oath was filed and a replication was filed to the answer. The cause was referred to a master, who heard evidence and reported that appellants Jones and Linick had subscribed for $24,900 each, of the capital stock of the appellant corporation, but had

never paid in more than fifty per cent. of the par value thereof, and that under the statute, appellee is entitled to collect his judgment from them. After objections and exceptions to said report had been overruled, a decree was entered approving the master's report and adjudging that appellee "have and recover of and from" the corporation and Jones and Linick $1,712 with interest and costs, and have execution therefor.

It will be observed that both in form and substance, the bill filed is based upon section 25 of the Corporation Act, which provides that if any corporation shall allow any execution to remain unsatisfied for not less than ten days after a demand made and a return of "no property found," or shall cease doing business leaving debts unpaid, "suits in equity may be brought against all persons who were stockholders at the time, or liable in any way for the debts of the corporation, by joining the corporation in such suit; and each stockholder may be required to pay his *pro rata* share of such debts or liabilities to the extent of the unpaid portion of his stock, after exhausting the assets of such corporation." In Parmelee v. Price, 208 Ill. 544, 557, it was said that this statute "provides a remedy in the nature of a creditor's bill." In such a suit, the usual rule applies as to the effect of sworn answers in chancery, viz: that "when the complainant requires the answer of a defendant under oath, and he so answers, it can be only overcome by the evidence of two witnesses, or by the evidence of one and circumstances equal in weight to that of another." Merchant's Nat. Bank v. Lyon, 185 Ill. 343.

By their sworn answer to the bill and to the specific interrogatories therein, appellants stated in substance that originally Jones and Linick each owned 249 shares and Faller 2 shares; that Faller transferred his shares to Jones; that all of said shares were paid for in full; that Linick was the president and Jones vice-president and secretary of the corporation and that both were directors; that the property of the corporation con-

sisted mainly of fixtures and other property located in leased buildings in Chicago and St. Louis; that two of said buildings were destroyed by fire; that on November 28, 1905, all but one of its remaining leaseholds were sold to the Automatic Exposition Company for $35,000 and that during the succeeding eighteen months, the sum of $900 was realized from the last leasehold, and the company then ceased doing business; that at the time of such sale, the company was indebted as follows: to Jones, for money advanced, $17,100 and for salary, $5,200; to Linick, for money advanced, $15,400 and for salary, $5,200; to the First National Bank, $10,000, and to various persons in small amounts, $1,000; that out of the moneys received as above stated the debts due to the bank and other creditors were paid in full and the remainder was applied to the payment of the claims of Jones and Linick. At the hearing before the master, after Jones had testified to all of the foregoing facts in substance, and that the company had lost $35,000 in one of its fires, he also testified on cross-examination as follows: "Our entire capital, $50,000, was paid in, in cash. I had a bank account in the First National Bank, if I remember right. I believe all the money we had was deposited in that bank. As far as I remember, all the capital stock payments were deposited in that bank. I don't think we used any other bank. It was all paid in in money. We had bought thirty thousand dollars of machinery before the organization. I bought it. It was the same as cash." Whereupon appellee introduced in evidence a statement of all the deposits of the appellant corporation in the First National Bank during the period from July 31, 1902, to September 30, 1902, which showed deposits of $4,968.72 on the first two days of this period, and other amounts aggregating about $13,000 during the remainder of the period, or approximately $18,000 in all. Aside from the admissions of both Jones and Linick that they had authorized the indebtedness mentioned in their answer (which indebtedness

exceeded the capital stock by over $5,000) this bank statement was the only evidence offered by the appellee in support of the allegations of the bill of complaint, and forms the sole basis for the decree.

If it be assumed that the bank statement covered the period of the organization of the company (of which there is not the slightest evidence) and if such bank statement can be considered equal in weight to the evidence of two witnesses (which may well be doubted, when it is considered in connection with other facts and circumstances in evidence), still it only proves, at best, either that Jones was mistaken in saying that all the capital was deposited in that bank, or that he was testifying falsely as to that fact. In view of the fact that he testified that he bought thirty thousand dollars' worth of machinery, which manifestly could not be paid for out of a total bank account of only eighteen thousand dollars, it is quite as reasonable to conclude that he was honestly mistaken in this particular as that he was wilfully testifying to a falsehood. But even if the latter conclusion be accepted, and if it be further conceded that the whole testimony of the witness Jones may be disregarded under the rule of *falsus in uno falsus in omnibus* it does not follow that appellee was thereby relieved from the necessity of proving the allegations of his bill of complaint and of overcoming, by evidence of some kind, the sworn answers of the other two defendants. "The effect of a negative form of issue in cases involving charges of fraud is not to relieve the party making such charge of the burden of introducing any proof, but the law will be satisfied with a less quantity of proof." Prentice v. Crane, 234 Ill. 302. Suspicion, doubt and incredulity are not evidence. Something more substantial than mere conjecture is required to establish the truth of even a negative averment. We think the evidence was clearly insufficient to sustain the finding that the capital

stock of the appellant corporation was less than half paid for.

It is also urged that even if the decree cannot be sustained on the theory of a proved liability for unpaid stock, it should not be reversed because it appeared that Jones and Linick, as officers and directors of the appellant corporation, assented to liabilities in excess of the capital stock, and are therefore liable to its creditors under the provisions of section 16 of the Corporation Act. It is a sufficient answer to this contention to say that neither the bill nor the decree was drawn upon any such theory, nor is there any finding of facts in the master's report or the decree tending to show that the decree was entered upon the basis of such a liability. The liability of directors and officers of a corporation under that section "is in the nature of security to all the creditors of the corporation," and "constitutes a fund for the benefit of all the creditors who are entitled to share in it, in proportion to the amount of their debts." Woolverton v. Taylor, 132 Ill. 197. The decree does not purport to find and declare the existence of such a liability or fund, nor to distribute the same among the creditors. It may also be added that the form of the decree is that of a judgment at law instead of a decree in chancery, and to the extent that it gives judgment against the appellant corporation it does not even follow the report and recommendation of the master, although expressly approving the same.

For the reasons indicated, the decree of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*