Teich v. Midland Machine Co., 191 Ill. App. 548.

LEO KORETZ and ELMER, COHEN & BELASCO, for plaintiff in error.

ARNOLD HEAP, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. ASSAULT AND BATTERY, § 22*—*when damages not excessive.* In a civil action for assault and battery, a verdict for three hundred dollars is *held* not to be excessive.

2. ASSAULT AND BATTERY, § 13*—*admissibility of weapon in evidence.* In an action for damages for assault and battery, the admission in evidence of a file, which was not found until two days after the assault and which was not shown to have been used by the defendant, *held* not to have been prejudicially erroneous, since the jury might have properly found from the evidence, that the defendant inflicted the injuries by striking the plaintiff upon the head with some instrument.

---

## Curt Teich, Defendant in Error, v. Midland Machine Company et al., Plaintiffs in Error.

### Gen. No. 20, 378.

1. APPEAL AND ERROR, § 1833*—*when bill may be amended on general remand.* Where a decree in a general creditor's bill combined with a bill under the Corporation Act, sec. 25 (J. & A. ¶ 2442) was reversed and the cause remanded generally without any specific direction to the court, *held* that the court had authority to permit an amendment to the bill and to hear the cause *de novo.*

2. CREDITORS' SUIT, § 61*—*when allegations sufficient to sustain decree pro confesso.* The allegations of a general creditor's bill combined with a bill under the Corporation Act, sec. 25 (J. & A. ¶ 2442), *held* sufficient to sustain a decree taken *pro confesso* upon an election to stand by a demurrer overruled.

---

*See *Illinois Notes Digest,* Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Error to the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 8, 1915.

FELSENTHAL, BECKWITH, WILSON & SPENGLER, for plaintiffs in error; DAVID LEVINSON, of counsel.

A. G. DICUS, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court. . This was a general creditor's bill combined with a bill under section 25 of the Corporation Act (J. & A. ¶ 2442). The decree granted full relief on each theory of the bill and the defendants sued out a writ of error. The defendants, other than Jones and Linick, did not assign errors, were summoned and severed, and the two defendants above named prosecute the writ. The case was before Branch "D" of this court and the decree was reversed and the cause remanded. *Teich v. Midland Mach. Co.*, 177 Ill. App. 354. After the cause was reinstated in the Circuit Court the complainant amended his bill, the defendants demurred to the bill as amended, their demurrer was overruled, they elected to stand by their demurrer and the bill was taken as confessed. The court heard proofs offered by complainant in support of the bill.

When the decree was reversed and the cause remanded generally without any specific direction to the lower court, that court had authority to permit a change in the pleadings and to hear the cause *de novo*. *Dinsmoor v. Rowse*, 211 Ill. 317; *Lang v. Metzger*, 206 Ill. 475, citing *Chickering v. Failes*, 29 Ill. 294; *Parker v. Shannon*, 121 Ill. 452; *Perry v. Burton*, 126 Ill. 599; *Cable v. Ellis*, 120 Ill. 136; *West v. Douglas*, 145 Ill. 164; *Rush v. Rush*, 170 Ill. 623.

The original bill alleged the recovery of a judgment by complainant against the Midland Company in 1909 for $1,559.25; that the same was unsatisfied; that execution had been issued and returned *nulla bona;*

that plaintiffs in error each owned $24,900 of the capital stock of said corporation and that they owed the corporation at least fifty one-hundredths of the amount of their stock. The amendment to the bill alleged that said corporation in November, 1909, sold most of its assets to another corporation for $35,000, of which $25,000 was used to pay the debts of the corporation and $10,000 divided between Jones and Linick, and that as a result thereof the Midland Company became insolvent; that Jones and Linick received $600 rent on a lease owned by the Midland Company and appropriated the same to their own use; that they were at the time directors of the Midland Company and became trustees of said money for the benefit of creditors and particularly trustees for complainant for enough of such money to pay his judgment. The court by the decree found the facts as alleged in the bill as amended, declared that Jones and Linick were trustees of said $10,000 and $600, the money of the Midland Company, for the benefit of complainant, the sole remaining creditor of said Company, that the amount due on said judgment, including interest and costs, was $1,935.94, and decreed that Jones and Linick pay to complainant that sum with interest and costs.

It is to reverse this decree that this writ of error is prosecuted. The bill was taken *pro confesso*, and although evidence was admitted its sufficiency to sustain the decree cannot be questioned. The decree might have been rendered without any evidence, and therefore the only inquiry admissible is as to the sufficiency of the allegations of the bill. *Hannas v. Hannas*, 110 Ill. 53; *Hopkins Amusement Co. v. Frohman*, 202 Ill. 543.

The allegations of the bill as amended are sufficient to support the decree and it is affirmed.

*Affirmed.*