DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEARS 1920 AND 1921.

---

## Noah C. Bainum and Charles A. Bainum, Appellants, v. Francis M. Parish, Appellee.

1. APPEAL AND ERROR—*jurisdiction of Appellate Court of suit for accounting for real property.* In a suit to dissolve a partnership and for an accounting of real estate owned by the partnership, such real estate is regarded in equity as personal property and the Appellate Court has jurisdiction of the appeal.

2. APPEAL AND ERROR—*matters res judicata on second appeal.* Where, on appeal of a suit involving the question of the existence of a partnership, the court held that a partnership existed and that appellant was entitled to an accounting and the decree was reversed and the cause remanded for further proceedings, the questions as to the existence of a partnership and the right to an accounting were *res judicata* and could not again be raised upon reinstatement of the case.

3. PARTNERSHIP—*compensation of partner for sale of real estate.* In a suit for a partnership accounting in a real estate selling transaction under a contract whereby one of the partners was to sell the lots in question and for his services was "to be paid ten per cent of the gross amount of sales, and if he employs assistants he is to pay said assistants out of the said ten per cent," the trial court properly decreed that the ten per cent allowed be in full for commissions, whether the sale was made by such partner alone or whether he employed others to assist him.

4. INTEREST—*period of allowance by court upon accounting of partnership transactions.* In a suit for a partnership accounting, the court, upon decreeing an accounting, properly allowed interest from the date of the filing of the first bill, in the absence of a showing of a good reason for doing otherwise.

5. EQUITY—*necessity for reference to master of partnership accounting.* While ordinarily the practice in a suit for an accounting is to refer the matter to the master in chancery to state an account, where appellants went into the matter of an accounting and offered evidence in reference thereto without objection, they were not in a position to complain because the court heard the matter in open court.

6. EQUITY—*hearing of partnership accounting by court.* In a suit for an accounting where the account was not complicated and appellee did not contest the figures submitted by appellant, the whole controversy being as to whether appellant was entitled to a certain line of credits, the court could hear the matter of accounting without reference to the master in chancery.

7. APPEAL—*limitation of action as res judicata on second appeal.* Where upon a former appeal the court decided that the bill was not barred by the statute of limitations, that question could not again be raised on a second appeal.

Appeal from the Circuit Court of White county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the March term, 1920. Affirmed. Opinion filed October 28, 1920. Rehearing denied December 22, 1920.

E. B. GREEN and CHARLES T. RANDOLPH, for appellants.

GEE & GEE, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

At the January term, 1915, of the circuit court of White county, appellee filed a bill for accounting growing out of a partnership alleged to exist between appellee and appellants. In said bill a contract was set forth, executed by appellee and appellants and one J. S. Sweeney. In and by said contract it was recited that appellant, Noah C. Bainum, had purchased certain real estate on behalf of the parties to the contract

and that the same was purchased for the purpose of subdividing the same into city lots and as an addition to Mt. Carmel, Illinois; that the same were to be placed on sale by appellant, Noah C. Bainum, who was to hold the title thereto and after deducting commissions, costs of advertising, platting, etc., the proceeds were to be divided among said partners, appellee to have one-third thereof and the remaining two-thirds were to be held by appellant and the said Sweeney.

The bill further averred that appellee was to and did furnish certain funds to be used in the purchase of said premises; that said premises were platted and a large number of the lots had been sold; that a partnership existed in said enterprise and that appellant, Noah C. Bainum, had received the funds thereof and had made no accounting. It is further alleged by said bill that all of the funds advanced by any of said parties to purchase said lots had been repaid out of the proceeds of the sale of said lots and that a large fund remained on hand to be distributed to the parties entitled thereto, and prays for an accounting. An answer was filed by appellants denying said partnership and denying appellee was entitled to the relief prayed. Without going into detail as to the matters set forth in the answer, it is sufficient to say that on the hearing the bill was dismissed for want of equity, and on appeal to this court the judgment of the trial court was reversed. [202 Ill. App. 563.] This court held that a partnership existed between said parties and that appellee was entitled to an accounting. In the order reversing said cause it was said: "For the reasons above given, the decree will be reversed and the cause remanded for further proceedings in the court below, which will afford the appellant the right to the accounting prayed for in his bill of complaint." After said cause had been remanded to the circuit court and had been reinstated, it was heard by the trial judge in open court. Evidence was offered by

the respective parties to said proceeding and a finding was made by the court that appellee was entitled to an accounting and that there was due appellee the sum of $3,434.88 with interest thereon at the rate of 5 per cent from September 10, 1914, the date of the filing of the first bill in said cause, the total amount of said decree, including said interest, being for $4,194.94.

In said proceeding the court also found that certain of the lots in said subdivision so owned by said parties remained unsold and that the title thereto was held by appellant, Noah C. Bainum, and the court ordered appellant, Noah C. Bainum, to convey to appellee an undivided one-third interest in said lots, there being in all sixteen and which were specifically described in said decree. To reverse said decree, appellants perfected an appeal to the Supreme Court but said cause was by the Supreme Court transferred to this court as provided by statute.

It was contended by appellant that a fee simple title was involved in this proceeding and that the appeal was to the Supreme Court and that this court had no jurisdiction to hear and determine the same. This being a bill to dissolve a partnership and for an accounting of the real estate owned by said partnership is, in equity, considered as personal property, so that this court has jurisdiction of the appeal. *Morrill v. Colehour*, 82 Ill. 618; *Speyer v. Desjardins*, 144 Ill. 641; *VanHousen v. Copeland*, 180 Ill. 74.

It is next contended by appellants that the remanding order issued by this court was general in its nature and that on a reinstatement of the cause appellants would have the right to amend their said answer, offer further evidence and again litigate the question as to whether or not a partnership existed between appellee and appellants, and as to whether or not appellee was entitled to an accounting. Appellants devoted a large part of their brief and argument to this

phase of the case. We are of the opinion and so hold that the question as to whether or not a partnership existed between appellee and appellants and as to whether or not appellee was entitled to an accounting was directly involved on the original hearing in the circuit court and in this court on the former appeal, and that the finding by this court that there was a partnership and that appellee was entitled to an accounting is *res judicata* and cannot again be raised by said parties. *Bradley v. Lightcap,* 201 Ill. 511; *In re Estate of Maher,* 210 Ill. 160; *Prentice v. Crane,* 240 Ill. 250.

In *Prentice v. Crane, supra,* the Supreme Court at page 254 says: "If, however, the merits of the case have been determined and the rights of the parties fixed, any different determination of the same would be inconsistent with the views expressed by this court, and the only decree that could be entered would be one which accords with such views. In such a case a direction for further proceedings not inconsistent with the views expressed in the opinion does not permit another trial of the same issues and a different determination of them." We therefore hold that the court did not err in striking from the files the amendments to the answer filed by appellants.

It is next contended by appellants that the finding of the court as to the amount due appellee on the accounting is erroneous and for a much larger sum than appellee is entitled to recover. It is the contention of appellant, Noah C. Bainum, that he was entitled to a credit of something over $8,000, in commissions, whereas the court only allowed him the sum of $4,599.21, being 10 per cent on the amount of the gross sales of the lots sold by him as shown by the report which was made by him and which was offered in evidence. According to the report filed by appellant, Noah C. Bainum, the total sales amounted to $45,992.19. He received from borrowed money to

build houses and make repairs, for rents and returned taxes, $24,780.36; the total receipts for sales, borrowed money, rents, returned taxes, etc., amounting to $70,772.55. The obligation made by appellant, Noah C. Bainum, according to his report, not including commissions, was $56,326.37, the net receipts being $14,446.18. Appellant, Noah C. Bainum, claimed commissions amounting to $8,265, whereas the court allowed, as above stated, $4,599.21, leaving a balance for distribution of $10,274.64. One-third of said balance the court found was owing to appellee, being $3,424.82, together with interest thereon at the rate of 5 per cent from September 10, 1914, the date of the filing of the bill in the suit which was originally brought for such accounting. We have examined the record and are of the opinion that the court correctly found the amount owing to appellee as shown by the figures submitted by appellant.

Appellant Noah C. Bainum's contentions that he is entitled to commissions alleged to have been paid by him to others and that he is not limited to 10 per cent of the gross sales is not well taken, in view of the contract entered into by appellant with appellee. Said contract provided among other things: "It is further agreed and understood that said Noah C. Bainum is to have charge of the sale of said lots, the platting thereof and general management connected therewith, and for his services he is to be paid ten per cent of the gross amount of sales, and if he employs assistants he is to pay said assistants out of the said ten per cent."

We are of the opinion, and so hold, that the trial court was right in decreeing that the 10 per cent mentioned in said contract to be allowed to the said Noah C. Bainum was to be in full for commissions on the sale of said lots, whether said sale was made by him or whether he employed others to assist him in so doing.

It is also contended by appellants that the court

erred in allowing interest from the date of the filing of the first bill for an accounting in said partnership matter. No good reason is assigned by appellants for their contention and we see no reason why in view of the report made by appellant, Noah C. Bainum, appellee should not be allowed interest as decreed by the trial court.

It is further contended by appellants that the court erred in hearing the matter of said accounting in open court, it being contended by appellants that said cause should have been referred to the master to state an account. Ordinarily the practice is as contended for by appellants. However, appellants went into the matter of said accounting and offered evidence in reference thereto without objection and, having done so, they are in no position at this time to complain.

It might be further stated that while there were numerous items submitted by appellant, Noah C. Bainum, as to the amount received by him for the sale of lots, rent, etc., and the amount paid out by him, still a summary of these matters was made up by him and is shown at page 216 of the record, and with this summary and said answer the findings of the chancellor were in harmony; that being the case, the account was not complicated, as appellee was not in the position of contesting the figures submitted by appellants. The whole controversy turned on the question as to whether appellant, Noah C. Bainum, was entitled to a certain line of credits claimed by him and which the court held he was not. There is authority for the court under certain conditions bearing matters of accounting without a reference to the master and the following cases so hold: *Stewart v. Duffy*, 116 Ill. 47; *Chicago & G. W. Land Co. v. Peck*, 112 Ill. 408.

Appellants also seek again to raise the defense of the statute of limitations to appellee's bill for an accounting. This question has been passed on by this court on the other appeal and we there held that the statute of limitations was no bar to the bill filed by

appellee; that question has therefore been adjudicated against the contention of appellants.

Finding no reversible error in the record the judgment of the trial court will be affirmed.

*Judgment affirmed.*

MR. JUSTICE EAGLETON took no part in the consideration or decision of said cause.