SAMUEL F. RUSH et al.

v.

JONAS M. RUSH et al.

*Opinion filed December 22, 1897.*

1. PRACTICE—*upon general remandment without directions further evidence may be taken.* Where a judgment or decree is reversed and the cause remanded generally for further proceedings, without specific directions, the matter is open, upon re-instatement of the cause, to further action, either by amendment of pleadings or introduction of additional evidence.

2. SAME—*what words, on remanding, do not amount to a direction.* The words used in the remanding clause of the opinion of the Appellate

Court, "We think he (the defendant) should be compelled to account for the amount of the notes, and the decree will therefore be reversed and the cause remanded," do not amount to a specific direction to the trial court, so as to preclude the introduction of new evidence upon the re-instatement of the cause.

3. PRINCIPAL AND AGENT—*agent for collection of notes has no implied authority to take other than money in payment.* An agent employed to collect notes who takes merchandise in payment therefor, which he sells at a loss, is bound to account to the principal for the full amount due on the notes, in the absence of proof of authority from the principal to accept such payment or of ratification by him of the unauthorized act.

*Rush* v. *Rush*, 65 Ill. App. 548, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Iroquois county; the Hon. CHARLES R. STARR, Judge, presiding.

KAY & KAY, for appellants.

KERN & HIRSCHI, (PAYSON & KESSLER, of counsel,) for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a proceeding begun in the circuit court of Iroquois county by bill in chancery, wherein Samuel Frank Rush, Joseph Martin Rush, John Rush and Martha A. Thomas are complainants, and Jonas M. Rush, Nancy Rush, Jr., Emma J. Scott (formerly Emma J. Rush) and Nancy Rush, Sr., are defendants, the object of the bill being to compel Jonas M. Rush to account to the complainants for certain indebtedness due and owing Nancy Rush, Sr., which had been placed in his hands for collection, the principal amount in controversy being a debt due from one George Pierce.

Nancy Rush, Sr., is the widow, and the above named parties are the children and heirs, of Samuel Rush, Jr., deceased. The widow was the owner of a large amount of real estate and certain choses in action, the Pierce indebt-

edness, evidenced by two promissory notes, being a part thereof. These children entered into a contract for the purpose of accomplishing a division of her property and the indebtedness due her, by the terms of which, among other things, it was agreed that a part of the claims should be collected by her son John and the remainder by the defendant Jonas M. Rush. In pursuance of that agreement the latter entered into a bond, dated August 3, 1891, conditioned as follows:

"*Know all Men by these Presents*, That we, Jonas M. Rush and John W. Scott, of the town of Milford, in the county of Iroquois and State of Illinois, are held and firmly bound unto the heirs of Nancy Rush, Sr., widow of Samuel Rush, deceased, of the town of Milford, in the county of Iroquois and State of Illinois, in the sum of $6000, for the payment whereof well and truly to be made we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents.

"Witness our hands and seals this 3d day of August, 1891.

"The condition of the above obligation is such, that whereas the said Jonas M. Rush has been this day appointed by the said heirs of Nancy Rush, Sr., to collect all debts, rents, mortgages and credits now due the said Nancy Rush, Sr., or that may hereafter become due, and to pay all just debts against the said Nancy Rush, Sr., or against her estate, so far as the moneys, credits, rents and profits may go, and the said Jonas M. Rush shall have the collection of all the promissory notes belonging to the said Nancy Rush, Sr., except one note against F. S. Rush and in favor of John Rush, and the said Jonas M. Rush shall make a true and correct report of all his doings on or before the first day of February, 1892, and it is hereby stipulated that the said Jonas M. Rush shall be allowed the sum of one dollar and fifty cents per day, and all necessary expenses, for all the time necessarily expended in collecting and settling said estate: Now, if the said Jonas M. Rush shall perform all the covenants above mentioned then this obligation to be void, otherwise to remain in full force and effect.   JONAS M. RUSH,   [Seal.]
                                        JOHN W. SCOTT.   [Seal.]"

Under this agreement and bond the Pierce notes came into the hands of Jonas M., and he thereafter purchased certain hay of Pierce at $6 per ton, which was at the time

170—40

of the purchase estimated to amount to $246 more than the sum due upon the notes. In part payment of the purchase he surrendered up the notes, and, as he claims, paid the remainder ($246) out of other moneys collected by him, due his mother. Shortly after the purchase he sold the hay, but realized therefor less than he paid for it. Complainants insist that he made the purchase on his own account, being at the time engaged in the business of dealing in hay, and did not collect said notes as he had agreed to under his contract and bond as above stated, and that he is therefore liable to account for the full amount due upon the notes. He, on the other hand, claims that he took the hay in payment of the notes with the consent and under an agreement with the several parties interested to do the best he could with it, acting as their agent, and is liable only for so much of the said notes as he actually received in the transaction.

On a hearing at its June term, 1893, the circuit court dismissed the bill for want of equity, and complainants prosecuted an appeal to the Appellate Court for the Second District, which court, at its May term, 1894, reversed the decree of the circuit court and remanded the cause. (See 53 Ill. App. 454.) The concluding part of the opinion of the Appellate Court is to the effect that under the evidence then before the court it reached the conclusion "not only that there was no sufficient authority given to Jonas to purchase the hay on account of all interested in the notes and to surrender the notes to Pierce, but that he made the purchase on his own account." The remanding order of the Appellate Court, as shown by its opinion, (the judgment not otherwise appearing,) was as follows: "We think he should be compelled to account for the amount of the notes, and the decree will therefore be reversed and the cause remanded." The cause being re-instated upon the docket of the circuit court, it was subsequently referred to the master and additional evidence taken by both parties. Complainants objected to the taking of further

evidence, upon the ground that the decision of the Appellate Court as to the liability of the defendant Jonas M. Rush to account for the amount due on the Pierce notes was final and conclusive, and that no further evidence could be properly taken and heard in the case. The master having reported the additional evidence taken, (without his conclusions of law and fact,) the circuit court again heard the cause and entered a second order dismissing the bill at the costs of the complainants. From that decree an appeal was prosecuted to the Appellate Court, and this appeal is from a judgment of affirmance there rendered.

Two grounds of reversal are here urged: First, that the circuit court erred in permitting further evidence to be heard upon the remandment of the cause; and second, that, treating that evidence as competent and proper, the whole of the testimony was insufficient to justify the decree rendered.

The first point is without merit. It will be observed that the remandment to the circuit court was general. The court below was not required to proceed according to the opinion of the Appellate Court, nor were any specific directions whatever given. We said in *Parker* v. *Shannon*, 121 Ill. 452, following a uniform line of decisions to the same effect (p. 454): "When this court reverses a cause and remands it generally, without any specific directions, amendments to the pleadings may be allowed upon the re-instatement of the cause in the court below." And in *Perry* v. *Burton*, 126 Ill. 599 (on p. 601): "Inasmuch as the cause was reversed and remanded without directions, we think that the trial court had the power to allow amendments to the pleadings and to permit the introduction of other evidence, in accordance with the views expressed in *Chickering* v. *Failes*, 29 Ill. 294, and *Cable* v. *Ellis*, 120 id. 136." See, also, *West* v. *Douglas*, 145 Ill. 164, and cases cited.

Counsel for appellants seem to understand that the statement in the opinion, "we think he should be compelled to account," etc., is a decision upon the question

which must be considered in connection with the order remanding the cause, and therefore amounts to a specific direction to the trial court. The conclusion of the Appellate Court that Jonas M. should be compelled to account was based upon the evidence then in the record, and to say that that expression would preclude the admission of additional evidence under a general order reversing and remanding the cause would be to say that the decisions above quoted are meaningless. It is true that, however general may be the order of remandment, the court below is concluded in its further proceedings by the principles and rules of law announced in the opinion of the Appellate or Supreme Court, but that rule has no application to the question here involved. Whether the defendant Jonas M. should be required to account was purely a question of fact. The court, seeing that under the evidence then before it he should be required to do so, remanded the cause for further proceedings without any specific directions, and left that question open for further action, either by way of amendment to the pleadings or the introduction of other evidence.

In our opinion there is more difficulty in the second point. By the terms of his contract and the condition of his bond the defendant Jonas M. Rush was bound to use reasonable diligence to collect those notes in full, and undoubtedly had the right to do so in whatever manner he saw fit, but he could not attempt to do so by receiving in payment therefor anything except money, nor require the parties for whom he acted to receive less than the amount called for by the notes. In other words, we think the contract and bond made a *prima facie* case for the complainants, and in the absence of proof to the contrary they were entitled to an accounting for the whole amount due upon the Pierce notes. The burthen of proof being upon the defendants to overcome that *prima facie* case, we think the evidence fails to show that they have satisfactorily done so. Upon the first hearing Jonas M.

testified in a vague way to a proposed purchase of the hay from Pierce by himself and the other heirs jointly, which was talked of about the first of July or the latter part of June, 1891. But this, it appears, was before the date of the agreement and bond. At no time does he testify to a definite contract and understanding between himself and all the other parties interested, in and by which the terms of the agreement and bond were to be set aside respecting the collection of the notes in question. Nor does it appear from the evidence that these parties subsequently ratified his act as a purchase on their behalf. The principal witness who undertakes to support Jonas M. in his contention is one Laird, who drew the bond. Much reliance was placed upon his evidence by the Appellate Court when considering this cause the second time. He says he heard some of the heirs, who were present when he was drawing the bond, talking about this hay, and he understood from them that the hay was to be bought for the estate, yet he remembered no definite agreement or direction to that end. Without reviewing the testimony of other witnesses in detail, we think it tended to preponderate in favor of the complainants' theory.

From a careful consideration of all the evidence introduced upon the second hearing we are satisfied the facts as at first found by the Appellate Court are not materially changed. The decree of the circuit court and judgment of the Appellate Court will accordingly be reversed and the cause will be remanded to the circuit court, with directions to enter a decree requiring the defendant Jonas M. Rush to account, as prayed in the bill.

*Reversed and remanded.*