JOSEPH S. HOAGLAND ET AL. V. MARTHA E. STEWART.*

FILED FEBRUARY 4, 1904. No. 13,144.

Decree: REVERSAL: DISCRETION OF TRIAL COURT. Where the judgment of this court upon appeal in an equity case reverses the judgment of the trial court and remands the cause, but gives no further direction, the trial court is reinvested with discretion to proceed therein as furtherance of justice may require, and, unless such discretion is abused, its action will be sustained.

ERROR to the district court for Logan county: HANSON M. GRIMES, JUDGE. *Affirmed.*

W. V. Hoagland, for plaintiffs in error.

Wilcox & Halligan and Strode & Strode, contra.

GLANVILLE, C.

The defendant in error brought suit in Logan county

* Rehearing denied. See opinion, p. 106, *post.*

against the plaintiffs in error to foreclose a real estate mortgage on certain property, and secured a decree in her favor on the 16th day of May, 1900. An appeal was taken to this court, and the judgment reversed by an opinion prepared by the commis. ioners, which is found in 3 Neb. (Unof.) 142. The recommendation of the commissioners is as follows: "It is therefore recommended that the judgment of the district court be reversed and the cause remanded." The action of the court thereon is embodied in the following language: "The conclusions reached by the commissioners are approved and, it appearing that the adoption of the recommendations made will result in a right decision of the cause, it is ordered that the judgment of the district court be reversed and the cause remanded." The plaintiffs in error, after mandate was filed in the district court, filed a motion therein asking judgment of dismissal. They also objected to the action of the district court in proceeding to a retrial of the cause, contending that, after the action of the supreme court upon their appeal, the district court had no jurisdiction to pursue any course in the proceeding other than to dismiss the action. Their motion and objections were overruled, and the court proceeded to try and determine the cause. Motion for a new trial was filed and overruled, and a petition in error filed herein. Numerous assignments of error are made, but there is no bill of exceptions, and the only question to be passed upon by this court is, whether it affirmatively appears that the trial court erred in proceeding to a trial of the cause. The contention of plaintiffs in error is based upon the following language contained in the commissioners' opinion heretofore referred to: "Upon this record the only judgment the district court could properly have rendered is one of dismissal. By section 594 of the code, this court is directed 'to render such judgment as the court below should have rendered, or remand the cause to the court below for such judgment.'"

In the opinion above referred to, the parties are designated as plaintiffs in error and defendant in error, and

section 594 of the code which prescribes a rule of action in
this court upon proceedings in error is quoted. This sec-
tion constituted section 594 of title 16 of the territorial
civil code of Nebraska (Revised Statutes, 1867), entitled
"Error in Civil Cases." Title 21 of that code is, "Appeals
from the district to the supreme court," and section 683
therein provided, "The court may reverse or affirm the
judgment, or render such judgment as the district court
should have done." The provisions of this title are held to
have fallen with the repeal of the chancery act (see *Irwin
v. Calhoun & Croxton*, 3 Neb. 453), and section 683 is no
longer found in our code, but the distinction between
cases brought to this court upon error and appeal still
exists. When the legislature again provided for appeal
in equity cases, it did not make the sections governing
procedure upon error applicable thereto, and we know of
no rule of practice provided by statute, or established by
this court, which prevents it from simply reversing or
affirming the judgment of the lower court, or as an alter-
native, rendering such judgment as the district court
should have rendered. The judgment of this court upon
the appeal referred to might have been a formal judgment
in favor of the defendant in the action, if in the opinion of
the court such was the proper judgment to enter, but in-
stead of rendering such judgment, the court had the power
simply to reverse the judgment of the lower court and
remand the cause without further direction, and that it
did. In *Faulkner v. Simms*, 68 Neb. 299, this court said:
"We may say, however, that the former trial is unsatis-
factory in every way. There were no pleadings, but only
stipulations, after trial, as to what was regarded as in
issue. There was no examination of witnesses, but in-
stead there were stipulations as to what they would testify.
The main contest was upon other points, and between
other parties. We should hesitate, therefore, to recom-
mend the entry or direction of a final order upon such a
record. In furtherance of justice, where a finding is set
aside on appeal, and the former trial was unsatisfactory,

instead of entering or directing a new decree, this court will remand the cause for further proceedings. This course was followed in *Topping v. Jeanette,* 64 Neb. 834, and upon motion for a rehearing, in *Gilbert v. Garber,* 62 Neb. 464. We think it should be taken in the case at bar. Upon a new trial, the question will doubtless be settled by satisfactory evidence adduced by the one party or the other." In *Topping v. Jeanette, supra,* it is said: "We are of opinion that the finding and decree are contrary to the evidence, and should be set aside. The ordinary course would be to render a new decree or to direct a decree for plaintiff in the district court. But we are not entirely satisfied with the former trial, and as it appears that a foreclosure suit is now pending, in which case, or on a new trial of this one, or upon consolidation, as the parties may be advised, the facts may be fully developed, we think the interests of justice would be subserved by remanding this cause for further proceedings only. Such course has been adopted frequently under like circumstances. *Clemons v. Heelan,* 52 Neb. 287; *Medland v. Linton,* 60 Neb. 249; *Nebraska Moline Plow Co. v. Fuehring,* 60 Neb. 316. We therefore recommend that the decree be reversed and the cause remanded for further proceedings."

This case was before the lower court without direction as to what steps it should take as a court of equity in the premises, and we are clearly of the opinion that, after its judgment in favor of the plaintiff in the action was reversed, the trial court had power, in the furtherance of justice, to allow a retrial of the issues made by the pleadings. It is not uncommon for courts to allow a party, either plaintiff or defendant, to withdraw a rest and proceed with further evidence. We think the trial court had discretion to do so in this case, notwithstanding anything contained in the judgment of this court. There is nothing in the record to indicate upon what application or showing the trial court based its action, and we can not say that it abused its discretion in pursuing the course it did. If the court had a right to exercise such discretion, then,

in reviewing its action upon a petition in error, it must affirmatively appear that it abused such discretion, or its action will be sustained. No abuse of discretion apppears.

We therefore recommend that the judgment of the district court be affirmed.

By the Court: The conclusions announced in the foregoing opinion are approved, and it appearing that the adoption of the recommendation made will result in a right determination of the cause, it is ordered that the judgment of the district court be

AFFIRMED.

The following opinion on motion for rehearing was filed June 9, 1904. *Rehearing denied:*

1. **Decree: REVERSAL: PROCEDURE IN DISTRICT COURT.** The rule of this court is that, when a decree in equity is reversed and remanded generally without specific instructions, the lower court is to exercise its discretion in the further disposition of the case, in accordance with the judgment of this court and the law of the case as expressed in the opinion.

2. **Commissioners' Opinions.** An unofficial opinion of a court commissioner is not the opinion of the court. The conclusion reached is approved, and the recommendation adopted. The law of the case is to be derived from the judgment of the court, and the questions necessarily determined thereby.

SEDGWICK, J.

Upon this motion for rehearing, it is urged that the opinion upon which the decree of the district court was reversed, when the cause was here upon the first appeal, must be looked to and construed in determining the effect of the judgment of reversal then entered. The position can not be maintained, because the opinion was not made official; the reasons for reversal given by the commissioner were not adopted by the court; the conclusion only was approved. By the judgment entered, the decree of the dis-

trict court was reversed and the cause remanded generally, without specific instructions. The reasons for not approving the language of the commissioner's opinion are manifest. From the record of the trial in the district court, it appeared that the action was an ordinary one for the foreclosure of a real estate mortgage. The original notes had been lost. The plaintiff undertook to make proof with copies. Foundation was laid for the introduction in evidence of the copies in place of the lost notes. This foundation was held sufficient by the trial court, and the copies were received in evidence. This court found the foundation for secondary evidence to have been technically insufficient, and so reversed the decree of the district court. The question of the existence and validity of the notes and mortgage had not been investigated and was not passed upon by this court.

The rule of practice of some courts is that, in reversing a decree in equity of a lower court, the appellate court will give specific instructions to that effect if the condition of the case requires a further hearing in the lower court; and, if no such specific instructions are given, the trial court has no authority to further investigate the merits of the case. The rule of this court is that, unless a decree is entered in this court, or specific instructions are given, that is, when the case is reversed and remanded generally, the district court is to exercise its discretion in the further disposition of the case, consistent, of course, with the judgment of this court and the law of the case as expressed in the opinion. *Gadsden v. Thrush,* 72 Neb. 1. An unofficial opinion of a commissioner is not the opinion of the court. The law of the case, then, is to be derived from the judgment of the court, and the questions of law necessarily involved in the conclusion reached. Upon the first appeal the court adopted the recommendation of the commissioner, reversed the decree of the district court, and remanded the cause generally, without specific instructions. This left it to the discretion of the trial court to take such further proceedings as justice and

equity required. We are satisfied that the trial court did not abuse that discretion.

The motion for rehearing is overruled.

REHEARING DENIED.