JARVIS DINSMOOR

*v.*

ALBERT O. ROWSE.

*Opinion filed October 24, 1904.*

1. PRACTICE—*when trial court may permit amendments on remandment.* On remandment, with directions to proceed in conformity with the views expressed in the opinion, if it appears from the opinion that the grounds of reversal may be obviated by amendment of the pleadings or the introduction of additional evidence, it is the duty of the trial court to re-docket the cause and permit amendments and allow additional evidence.

2. SUBROGATION—*when widow is entitled to subrogation on paying mortgage.* If a widow occupying land as a homestead is obliged to pay a mortgage on the land to protect the homestead estate, she is entitled to be subrogated to the mortgagee's rights for the ratable amount of the mortgage debt for which the homestead is liable.

APPEAL from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding.

Appellee, Rowse, filed his bill in the circuit court of Whiteside county to remove a sheriff's deed to appellant for an undivided one-third interest in the premises, as a cloud upon complainant's title to lots 5 and 6, block 33, in Wallace's addition to the city of Sterling. The appellant answered the bill and filed a cross-bill setting up his title to said undivided interest, and praying that the dower interest of Maria A. Lane be set off and partition made of said lots. A demurrer to that cross-bill was sustained and the same dismissed for want of equity, and a decree rendered in conformity with the prayer of the original bill. From that decree

the appellant, Dinsmoor, prosecuted an appeal to this court, where the decree of the circuit court was reversed for reasons stated in the opinion then filed, and the cause remanded with directions to the circuit court to proceed in conformity with the views therein expressed. (See 200 Ill. 555.) The facts as they then existed will sufficiently appear from that opinion. Upon the cause being remanded, the complainants, on May 20, 1903, filed an amended bill praying for partition of the lots in question subject to the homestead estate of the widow, also subject to the widow's dower, and such claims as had been allowed by the county court.

On April 20, 1903, the appellant filed an amended cross-bill, omitting therefrom that part of the original cross-bill which had been passed upon by this court, and also alleging that the widow entered into a contract with Rowse to convey said lots to him for $4100, and that Rowse entered into possession and claimed to own the same notwithstanding the fact that appellant had purchased the interest of Eugene D. Lane, and praying that the said widow, by reason of her dealings with Rowse, be estopped from setting up her dower or other rights, that Rowse be decreed to account for rents and profits, and for general relief. To this cross-bill Rowse filed his answer, averring that the homestead estate was subject to the payment of the widow's award, and dower and claims allowed by the county court. The widow, Maria A. Lane, also filed her answer to said cross-bill and to Rowse's amended bill, asking that she be subrogated to a mortgage of $1500 given to John B. Ward, and which she had been required to pay in order to protect her homestead rights. W. P. Palmer, who had been appointed administrator *de bonis non* of the estate of Jonathan D. Lane, filed his answer to Rowse's bill, asking that if sale was decreed that enough be paid to him to satisfy claims allowed against the estate. The widow, Maria A. Lane, filed her cross-bill setting up substantially the same facts as were set up in her answer to the amended bill and the amended cross-bill. Answers were filed to this cross-bill of the widow, and after the case was at

issue on the various bills and cross-bills, the court, upon a
hearing, entered a decree finding that Rowse, the appellee,
owned two-thirds of the homestead estate; that Dinsmoor,
the appellant, owned one-third thereof, both, however, sub-
ject to the present value of the dower right of the widow,
Maria A. Lane, which was fixed at $123.68; that Maria A.
Lane, the widow, on March 31, 1900, paid off a mortgage for
$1600, which had been given by herself and husband to John
B. Ward, and that she should be subrogated to the rights of
said Ward therein; that the homestead estate should contrib-
ute $350, with interest at six per cent from March 31, 1900,
to the payment of said mortgage indebtedness; that the
premises are not subject to the payment of any widow's
award; that Rowse should account for $27.57 for the use of
the premises; that the conveyance by Jonathan D. Lane to
his wife, Maria A. Lane, was not fraudulent as to creditors.
The right of Maria A. Lane to payment of her widow's
award out of the homestead estate was denied. From that
decree this appeal has been taken.

JARVIS DINSMOOR, *pro se.*

C. L. & C. E. SHELDON, and H. L. SHELDON, for ap-
pellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The first point made by appellant is, that the court erred
in allowing Rowse to amend his bill and that the trial court
did not follow the mandate of this court. It is insisted that
the opinion of this court is *res judicata* as to the facts set
up in the opinion then filed, and that the relief granted
should have been under appellant's cross-bill. The rule is,
that when a decree or judgment is reversed and the cause is
remanded without specific directions, the judgment of the
court below is entirely abrogated, and the cause then stands
in the court below precisely as if no trial had occurred, and
the lower court has the same power over the record as it

had before its judgment or decree was rendered, and may permit amendments to the pleadings and the introduction of other evidence, so long as the same are not inconsistent with the principles announced by the court of review and do not introduce grounds that did not exist at the hearing in the court below. (*Palmer* v. *Woods,* 149 Ill. 146; *Perry* v. *Burton,* 126 id. 599; *Rush* v. *Rush,* 170 id. 623.) Where a cause is reversed and remanded with directions to proceed in conformity with the views expressed in the opinion filed, and it appears from such opinion that the grounds of reversal are of a character which may be obviated by subsequent amendments of the pleadings or the introduction of additional evidence, it is the duty of the trial court to permit the cause to be re-docketed and permit amendments to be made and evidence introduced on the hearing, just as· though it was then being heard for the first time. (*West* v. *Douglas,* 145 Ill. 164; *Aurora and Geneva Railway Co.* v. *Harvey,* 178 id. 477.) In the case at bar the former decision of this court held the Dinsmoor deed valid and that he was entitled to partition, and the cause was remanded for further proceedings in conformity with the views then expressed. Upon the case being remanded, the amendment to the original bill by Rowse admitted the Dinsmoor deed to be valid and that he was the owner of the interest of Eugene D. Lane. It is also alleged that Mrs. Lane was entitled to dower; that one Palmer had been appointed administrator *de bonis non;* that the widow's award had been fixed at $897, and prayed for partition of the premises. Under the decisions of this court, *supra,* those amendments were properly allowed.

It is next insisted that the former bill filed by Rowse was in fact filed on behalf of Mrs. Lane, and that the former adjudication upon that bill estops her from claiming dower, widow's award or subrogation under the mortgage. We do not think this contention is supported by the evidence. The original bill was filed by Rowse, and while there is some evidence in the record tending to show that Mrs. Lane entered into an agreement with him that she would pay the

costs of the litigation, including attorneys' fees, in case he was defeated, and that a part of the purchase price was held in a bank until final disposition of the case, yet we do not think such evidence sufficient to estop Mrs. Lane from now setting up her rights and having them adjudicated, especially since this court held the sheriff's deed to Dinsmoor valid.

The evidence shows that on February 21, 1895, Lane and wife borrowed $1500 from John B. Ward and gave a mortgage on the lots in question to secure the payment of the same, with six per cent interest from date. Lane died intestate May 18, 1897, leaving that mortgage debt unpaid, and on March 31, 1900, Mrs. Lane paid to the executors of Ward the sum of $1600, being the principal and interest due on said mortgage, and obtained a release of the same. It is insisted by appellant that the court below erred in holding Mrs. Lane entitled to be subrogated to the rights of Ward by virtue of that payment. We have held that if the discharge of a mortgage on land occupied by a widow as a homestead is necessary to the preservation of the estate of homestead and the interests of the heirs of the mortgagee, whether by the widow or heirs, the widow must protect her ratable share of the debt, and if she is compelled to pay the mortgage, a court of equity will require the heirs to contribute ratably and will give her a lien on the interest of the heirs for their share of the burden. (*Jones* v. *Gilbert,* 135 Ill. 27.) The value of this homestead was $1000 and the total value of the property $4000. The court held that the homestead estate should pay one-fourth of the Ward mortgage, or $400, and that the mortgage was paid by the widow to protect her interest in the homestead, and that she should be entitled to subrogation for that amount. This finding and decree is in conformity with the case above cited.

The appellee, Rowse, has assigned cross-errors, by which he insists that the trial court erred in allowing appellant rent for the use and occupation of the premises. The court found the rental value of the homestead to be $75 per annum, and found that the widow was entitled to one-third of that rental,

and that Rowse should be charged with one-third of the remainder from the date of the Dinsmoor deed to the date of the decree, amounting to $56.65. It allowed certain items of taxes and expenses, amounting to $524, paid by Rowse, and held that the homestead estate should be charged with one-fourth of that amount, or $131, and that of this amount the widow should pay one-third, amounting to $43.66, which, deducted from the $131, left a balance of $87.34 to be paid by Rowse and Dinsmoor in proportion to their respective interests,—one-third thereof by Dinsmoor, $29.11,—which being deducted from the $56.65 rent, left a balance of $27.54, which the court decreed should be paid by Rowse to Dinsmoor. In *McParland* v. *Larkin,* 155 Ill. 84, we said, quoting the statute: "By section 1, chapter 2, of the Revised Statutes it is provided that where a tenant shall take and use the profits or benefits of the estate in greater proportion than his or her interest, such tenant shall account therefor to his co-tenant." And again, in *Woolley* v. *Schrader,* 116 Ill. 29: "Yet by the express terms of our own act the tenant is required to account to his co-tenant for benefits as well as profits, and we fail to preceive any difficulty in giving effect to this provision of the statute that may not arise in any case where the value of anything is to be ascertained from opinions of witnesses or extrinsic circumstances, particularly in a case like the one before us." The evidence shows that appellee, Rowse, has been enjoying the exclusive use and benefit of this property since his deed from Mrs. Lane. Appellant, during a part of this time, was the owner of one-third in fee, subject to certain claims. The amount of the rent found by the court is reasonable, and we see no reason why appellant should not be entitled to his just share of it, and there was no error in so decreeing.

Mrs. Lane assigns as cross-error the refusal of the court to allow her widow's award of $897 as a lien against the homestead. The reason for the refusal is not clearly shown in the evidence. In fact, there is very little evidence in the record on that branch of the case. It does appear, however,

that on July 26, 1897, on behalf of appellant, Dinsmoor, as a creditor, the county court appointed E. P. Brown as administrator of the estate of Jonathan D. Lane. The administrator subsequently reported that he had received no assets of the estate and knew of no property to be administered upon; that claims had been allowed and paid by one of appellees in pursuance of a creditor's bill, and in October, 1897, the administrator was discharged. After the first decree in this case had been reversed and the cause remanded, on February 12, 1903, W. P. Palmer was appointed administrator *de bonis non* of the estate of Lane, and on March 16, 1903, the amount of the widow's award was fixed by the court at $897. It is urged that the claims filed originally against the estate under Brown as administrator were paid by the widow, Mrs. Lane, to avoid the effect of a creditor's bill which had been filed on the grounds of fraud. At the time these claims were filed it appears that the widow did not ask for the payment of her award, but let the matter rest until after the administrator had been discharged and until this case was reversed and remanded, and then applied for further administration of the estate and set up a claim for her award. Her action in the matter has the appearance of an afterthought, to defeat the order of the court holding the sheriff's deed to Dinsmoor valid. To all appearances she had no intention of claiming an award, but intended to waive it, probably on account of her desire to avoid the effect of the creditor's bill. In the absence of any evidence to explain her action, and in view of her long delay, we cannot say that the trial court committed error in refusing to permit the award to now become a lien on the homestead.

We find no reversible error, and the decree of the circuit court will be affirmed. Appellee's additional abstract appears to be necessary to a full and satisfactory consideration of the case, and the cost of the same will therefore be taxed to appellant under rule 34.          *Decree affirmed.*