GEORGE SOWERWINE ET AL., APPELLANTS, V. CENTRAL IRRIGATION DISTRICT, APPELLEE.

FILED MAY 13, 1912.   No. 17,063.

Appeal: REVERSAL: REMAND: PROCEDURE.   When the judgment of the trial court is reversed by this court upon appeal, and the reversal is general, without specific instructions, the trial court has discretion to allow amendments upon terms, and in the further disposition of the case.   It has no discretion to dismiss the action without any further proceedings.

APPEAL from the district court for Scott's Bluff county: HANSEN M. GRIMES, JUDGE.   Reversed with directions.

Wright & Duffie and L. A. Berry, for appellants.

L. L. Raymond and James E. Philpott, contra.

SEDGWICK, J.

Upon a former appeal in this case the judgment of the

district court was reversed and the action dismissed. 85 Neb. 687. Afterwards upon a motion to modify the judgment this court made and entered the following order: "Upon a consideration of the motion for a rehearing and to modify our judgment, for reasons unnecessary to state, the motion for a rehearing is overruled, but our opinion and judgment are so modified that the judgment is reversed and the cause remanded for further proceedings." After the mandate of this court was returned and filed in the district court, that court entered the following order: "Now on this August 29, 1910, same being one of the regular days of the special August 1910 term of said court, this cause came on for hearing by the court, having been remanded to this court by the supreme court, for further proceedings. After having fully and carefully considered the opinion of the supreme court rendered in the above entitled cause, this cause is hereby dismissed for want of jurisdiction in this court to hear and determine the issues raised herein." From this order dismissing the case the plaintiffs have appealed.

As shown in the former opinion, this is an action in equity, for the purpose of having certain lands of the plaintiffs detached from the irrigation district, defendant, under the provisions of section 49, art. III, ch. 93a, Comp. St. 1911, which provides: "That in no case shall any land be held by any district or taxed for irrigation purposes which cannot from any natural cause be irrigated thereby." The question presented upon the former appeal was whether the special findings of the trial court supported the judgment, and it was held that they did not. Those special findings were: "(1) That the plaintiff, George Sowerwine, is the owner in fee of the lands claimed by him; (2) that plaintiff Elizabeth Sowerwine is the owner in fee of the lands claimed by her; (3) that all of said lands are included in and are part of the defendant irrigation district; (4) as to lot 3 in section 31, lots 5 and 6 in section 32, lot 2 in section 5, and all that part of the S. E. ¼ of the S. E. ¼ of section 31, and lot 1 in section 6,

and lots 3 and 4 in section 5, lying and situated north of the particular line above referred to, * * * 'that down through the central part of the same, from the west to the east, is a slough which holds more or less water during .the entire year; that the North Platte river maintains its highest stage from about the 1st day in May until from the middle of July to the 1st of August; that during high water in the river said slough becomes practically full of water, and the part of the said land involved herein is more or less wet and spongy, and at different places has standing water-holes of greater or less dimensions; that during the low-water period of the year in the river, from about August to May, said slough becomes practically dry, and the land involved is dry; that the balance of said land is practically all dry and fit to be mowed, and the same has been mowed for hay for a number of years; that during the irrigation season said land is rendered more or less wet by reason of seepage from the central ditch and the laterals therefrom being thrown on the land herein.' "
From these findings it appeared that the lands consisted of several different tracts, located in different sections, and owned by different parties. The finding that some of it was at times overflowed with water, and that other tracts were "practically all dry and fit to be mowed, and the same has been mowed for hay for a number of years," would clearly not justify a decree detaching all of the lands from the irrigation district. The decree was therefore reversed. Under these circumstances, however, it was not proper to dismiss the case without a trial upon the merits. It might appear upon the trial that all of the lands involved should be detached from the irrigation district, or that some of the tracts should be detached and not others, or that none of the tracts should be detached. This court, discovering its error, modified the judgment so as to remand the cause for further proceedings in the order above quoted.

It is insisted that when a cause is reversed by this court and remanded generally, as this was, the trial court is to

exercise its discretion in the further consideration of the case, and that, the court having exercised its discretion, no error can be predicated thereon. The discretion which the trial court is expected to exercise is sound legal discretion. It appears from the order of the trial court that the dismissal was based solely upon the opinion of this court, the trial court not exercising any discretion based upon the conditions of the case and the further consideration thereof. The opinion of this court and the subsequent order modifying it indicate a further trial of the case, and the trial court was in error in construing it to require the dismissal thereof. "If the reversal is general, and the cause remanded for further proceedings, without specific instructions, it is the duty of the lower court to exercise its discretion in the matter of allowing amendments, as well as other matters in the further disposition of the case." *Gadsden v. Thrush,* 72 Neb. 1. In such case the trial court is to exercise its discretion in "allowing amendments" and in the further disposition of the case. It has no discretion to dismiss the action without any further proceedings.

The judgment of the district court dismissing the case is reversed and the cause is remanded, with instructions to allow amendments to the pleadings, if the parties elect so to do, upon suitable terms, and to hear the proofs and render such judgment as the law requires.

REVERSED.