# IN RE CITY OF LOUISVILLE, KENTUCKY, PETITIONER.

## PETITION FOR WRIT OF MANDAMUS.

No. 11, Original. Argued November 10, 1913.—Decided January 5, 1914.

The mandate in the case of *Louisville* v. *Cumberland. Telephone Co.*, 225 U. S. 430, in which this court decided that the rates established by municipal ordinance were not confiscatory and reversed the judgment holding that they were, without prejudice, and remanded the case to the lower court, permitted further proceedings; and the judge of the District Court acted within his discretion in continuing the case and appointing a Master to take proof and report as to the amount collected by the company during the injunction period and also after the new rates had been put into effect.

Mandamus to compel the District Court to vacate supplemental orders of reference made in a case reversed and remanded, refused, on the ground that the case was decided without prejudice and the District Court acted within its discretion in the conduct of the case and the interpretation of the mandate.

THE facts, which involve the proper exercise of discretion of the trial judge in interpreting the mandate of this court in a case remanded for further proceedings, are stated in the opinion.

*Mr. Pendleton Beckley*, with whom *Mr. J. W. S. Clements* and *Mr. Stuart Chevalier* were on the brief, for petitioner:

Where a decree of this court has been misunderstood or misconstrued by a lower court, the party complaining can have the error corrected either by an appeal to this court or by a motion for a writ of mandamus. *City National Bank* v. *Hunter*, 152 U. S. 512. See also *Whitaker* v. *Desfosse*, 7 Bosw. (N. Y.) 678; *Cram* v. *Bradford*, 4 Abb. Pr. R. 193; *St. Paul & Sioux City* v. *Gardner*, 19 Minnesota, 132, 136; 2 Cyc. 612, 613, and cases cited.

In any event a writ of mandamus is proper to bring before this court the question whether its opinion or mandate has been misconstrued by a lower court. *Perkins* v. *Fourniquet,* 14 How. 328; *Gaines* v. *Caldwell,* 148 U. S. 228; *Re Sanford Fork & Tool Co.,* 160 U. S. 247; *Re Potts & Co.,* 166 U. S. 263.

The city contends that the District Court should retain jurisdiction of this case for the purpose (but for the purpose only) of decreeing restitution to the patrons of the telephone company of the amount of overcharges accruing from the passage of the rate ordinance to the filing of the mandate of this court upholding that ordinance. *Brown* v. *Detroit Trust Co.,* 193 Fed. Rep. 626; *Northwestern Fuel Co.* v. *Brock,* 139 U. S. 216; *Southern Railway Co.* v. *Tift,* 206 U. S. 435, and see report of the subsequent hearing in *Tift* v. *Southern Railway Co.,* 159 Fed. Rep. 555.

Respondent in ordering another investigation of the rates and the supervision by a special Master of the operations of the telephone company, misconstrued or misunderstood the opinion of this court rendered on the former appeal.

The one issue made in the bill of complaint filed in this case in March, 1909, was whether the ordinance of March 6, 1909, was confiscatory as to the telephone company.

This court by its opinion reversed the decree of the lower court. In so reversing that decree this court adhered to the opinions in *Willcox* v. *Consolidated Gas Co.,* 212 U. S. 19, and *Knoxville Water Company Case,* 212 U. S. 18, that the courts should not declare a rate ordinance confiscatory until the public service corporation had given it a fair trial.

The City of Louisville contends that by the opinions in each of these cases this court meant identically the same thing; that is to say, inasmuch as complainants had not shown by clear and unmistakable proof that the rates in question would be confiscatory, the court would not

affirm decrees enjoining the enforcement of such rates until the public service corporations had put the rate into effect, and given them a fair trial. In the meantime, it was clearly the purpose of this court in those cases that the decrees of the lower court should be reversed, and the cases dismissed in so far as the question of confiscation was concerned; but if any one of those three public service corporations saw fit in the future, and after testing the rates, to again try out the question of whether the ordinance was or was not confiscatory, its right to do so should not be prejudiced by anything contained in the opinions of this court or the decrees entered pursuant thereto.

See also *Northern Pacific Ry. Co.* v. *North Dakota*, 216 U. S. 579.

There is no possible ground on which a court can entertain jurisdiction of a cause in which a public service corporation alleged that it was ignorant of whether certain rates fixed by a legislative body were confiscatory as to it, that it had put the rates into effect and it now filed its bill of complaint for the purpose of having the court appoint a master to see if those rates were really in effect, to supervise the operations of the company, and to report to the court the gross earnings, gross expenses and net revenues of the company; and asked the court to determine from such a report whether the rates were or were not confiscatory.

*Mr. Alexander P. Humphrey* and *Mr. W. L. Granbery*, with whom *Mr. Hunt Chipley* was on the brief, for respondent.

MR. JUSTICE McKENNA delivered the opinion of the court.

Petition for a rule on the Judge of the District Court of the United States for the Western District of Kentucky,

to show cause why a mandamus should not issue commanding him to vacate the supplemental order of reference entered on March 10, 1913, in the cause entitled *Cumberland Telephone & Telegraph Company* v. *City of Louisville*, pending in said District Court, and to desist from further trying in the cause the question whether the ordinance of March 6, 1909, in litigation in the cause, is confiscatory and void as to the company, and further commanding him to dismiss the bill of complaint, retaining the same on the docket, however, for the purpose of ascertaining the amounts collected by the company from its patrons in the City of Louisville in excess of the rates prescribed in the ordinance, and for the further purpose of distributing the same among the persons entitled thereto.

A rule was issued in accordance with the petition and return thereon duly made by the District Judge.

The suit referred to was brought by the Telephone & Telegraph Company against the city in the Circuit Court, the predecessor of the District Court, on the eighth of March, 1909, and sought an injunction enjoining the City of Louisville from enforcing the ordinance referred to on the ground that the rates prescribed by it were confiscatory. Upon the filing of the bill a temporary restraining order was granted. A motion was also made for an injunction *pendente lite* but was not passed upon till final hearing on the twenty-fifth of April, 1911, when a permanent injunction was decreed, the court adjudging the rates fixed to be confiscatory.

On the fifteenth of June, 1909, the city moved for an order requiring the company to pay into court all sums collected in excess of those fixed in the ordinance. Thereupon the company agreed that if the court make no order in pursuance of the motion it would keep an accurate account of the sums collected in excess of the rates fixed in the ordinance and would, on the final hearing, pay the amounts into court for distribution among those entitled thereto,

provided the ordinance was not declared to be confiscatory. In pursuance of the agreement the court refrained from making the order prayed for and allowed the restraining order to remain in force.

An appeal to this court was taken by the city from the decree of perpetual injunction and the decree was reversed. 225 U..S. 430. This court reviewed the evidence upon which the Circuit Court decided that the rates were confiscatory, and said (p. 436): ·

"We express no opinion whether to cut this telephone company down to six per cent. by legislation would or would not be confiscatory. But when it is remembered what clear evidence the court requires before it declares legislation otherwise valid void on this ground, and when it is considered how speculative every figure is that we have set down with delusive exactness, we are of opinion that the result is too near the dividing line not to make actual experiment necessary. The Master thought that the probable net income for the year that would suffer the greatest, decrease would be 8.60 per cent. on the values estimated by him. The Judge on assumptions to which we have stated our disagreement makes the present earnings 5–10.17 per cent. with a reduction by the ordinance to 3–6.17 per cent. The whole question is too much in the air for us to feel authorized to let the injunction stand.

"Decree reversed without prejudice."

A mandate was issued, the material parts of which are as follows:

"On consideration whereof, It is now here ordered, adjudged and decreed by this Court that the decree of the said Circuit Court in this cause be, and the same is hereby, reversed with costs, without prejudice; and that the said defendant, City of Louisville, recover against the said complainant Three thousand nine hundred and forty-five dollars and sixty-five cents for its costs herein· expended and have execution therefor.

"And it is further ordered that this cause be, and the same is hereby, remanded to the District Court of the United States for the Western District of Kentucky for further proceedings not inconsistent with the opinion of this Court."

On the return of the case to the District Court, as successor of the Circuit Court, in obedience to the mandate, the original decree was set aside and the case restored to the docket. Subsequently on motion of the city, the court appointed a special master to take proof of and report the amount, with interest, collected by the company in excess of the rates fixed by the ordinance. Power was given to the master to subpœna witnesses and examine the books and records of the company. A motion of the city to require the company to pay the amount into the court was postponed. A motion of A. Englehard & Sons Company for leave to file a bill of intervention was set for hearing November 12, 1912. The master proceeded to the execution of his duties under the order, but had not completed them at the time the petition herein was filed. The sums in excess of the rate will aggregate more than $100,000.

On March 10, 1913, the District Court (it is alleged, without any motion being made or any further steps taken by any party to the cause), on its own initiative, entered a supplemental order of reference wherein the clerk of the court was appointed a special master to ascertain and report the gross earnings of the company after the rate ordinance went into effect, the gross expenses incurred in operating its property and the net income derived by the company from operating its plant since the ordinance was put into effect.

The court justified this order by its interpretation of the opinion and mandate of this court. The city protested against the entry of the order, denying that it was a proper interpretation of the opinion of this court and insisted

that the District Court, in response to the bill of complaint, should "adjudge that the ordinance in question was not confiscatory and that the complainant take nothing by its bill." And it is now alleged that the cause is at an end so far as the rights of the company to have the ordinance adjudged confiscatory and void are concerned and that the District Court has no further jurisdiction; that the trial of the issue cost the city $20,000, and a new trial will cost it the same sum, and that no appeal can be taken until such trial be had; and, having no adequate remedy but mandamus, the petitioner prays that one issue to require the Judge to vacate his order and to desist from further trying the issue.

It is alleged that the special master who was appointed to ascertain the amounts collected by the company is ready to make his report and will make it in a short time.

It is further alleged the amounts collected in excess of the ordinance are a trust fund held by it for the benefit of the patrons of the company as their rights may appear and that they are entitled to have restitution made to them by the District Court, and that therefore the litigation between the company and the city should not be dismissed absolutely, but should be retained on the docket for the purpose of having collected and distributed the excessive collections. And this relief is prayed in addition to the mandamus.

Due return to the rule was made. It is, in effect, that the court considered the opinion and decree of this court permitted a discretion to retain the case for an actual experiment of the rates, and, thus considering it, made the order of March 10, 1913.

We think the discretion was properly exercised. The terms of the mandate permitted further proceedings, and it is well to recall what had been done. The decree of this court was rendered June 7, 1912. The Telephone Company put the ordinance rates into effect July 1, 1912.

On motion of the City a special master was appointed to take proof and report the amount collected by the company between the latter date and March 8, 1909, and, subsequently after an interchange of views between court and counsel, the order of March 10, 1913, was made. It will be observed, therefore, that an actual experiment of the rates had been voluntarily undertaken and had been in effect for more than eight months before the order under review was entered, and the court conceived that observation of the experiment might secure greater accuracy and confidence in the result, and, besides, inform the court of matters as they progressed.

We repeat, we think the court did not exceed the discretion permitted, and the rule is

*Discharged.*