**LIBERTY NAT. BANK OF ROANOKE, VA., v. BEAR.***

**In re W. L. BECKER & CO. et al.**

(Circuit Court of Appeals, Fourth Circuit January 24, 1925.)

No. 2298.

Bankruptcy ⊜⇒468—District Court on remand from Supreme Court held to have power to permit amendment of pleadings.

Where the Supreme Court reversed a decree of the Circuit Court of Appeals holding that the lien of a judgment on real estate was discharged by the bankruptcy of defendants within four months, on the ground that the trustee neither alleged nor proved that bankrupts were insolvent when the judgment was rendered, and remanded the cause to the District Court for further proceedings in conformity with its opinion, that court *held* to have

*Certiorari denied 45 S. Ct. 512, 69 L. Ed. —.

power to permit the trustee to amend his pleading that the issue of insolvency might be presented and tried.

Rose, Circuit Judge, dissenting.

Petition for Revision of Proceedings of the District Court of the United States for the Western District of Virginia, at Roanoke; Henry Clay McDowell, Judge.

In Bankruptcy. In the Matter of W. L. Becker & Co., the Roanoke Provision Company, W. L. Becker, Sr., and W. L. Becker, Jr., bankrupts; James A. Bear, trustee. On petition of the Liberty National Bank of Roanoke, Va., to revise an order of the District Court. Affirmed.

James D. Johnston, of Roanoke, Va., for petitioner.

Harvey B. Apperson, of Salem, Va. (James A. Bear, of Roanoke, Va., on the brief), for respondent.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. The facts in this case will be found in the opinion of this court, 285 F. 703, and in the opinion of the Supreme Court filed November 24, 1924, 265 U. S. 365, 44 S. Ct. 499, 68 L. Ed. 1057. The judgment of the Liberty National Bank against W. L. Becker and W. L. Becker, Jr., as individuals, was recovered less than four months before the petition upon which the adjudication of the partnership of which they were members was made, but more than four months before the petition in which the individuals were adjudicated bankrupts. The Liberty National Bank filed with the referee its claim to have its judgment declared a lien against the property of the partners as individuals. The trustee objected on the ground that the judgment had been recovered within four months of the bankruptcy of the partnership. The referee in an elaborate report sustained the position of the trustee and disallowed the lien. The Liberty National Bank based its petition for review and appeal in the District Court on the ground that the referee was in error in so holding, and not on the ground that insolvency at the date of the judgment had not been alleged or proved. The bank having made no question of the absence of allegation and proof of insolvency at the date of the judgment, the District Judge considered only the question whether the adjudication of the partnership as bankrupt carried with it the adjudication of the in-

4 F.(2d)—16

dividuals composing it, holding that the adjudication of the partnership was not an adjudication of the individuals. On this ground the District Judge in an opinion filed May 23, 1922, reversed the referee and upheld the claim of the Liberty National Bank as a lien on the individual assets. This court reversed the decree of the District Court, holding that an adjudication of the partnership was necessarily an adjudication of the bankruptcy of the individuals composing it, and that the lien of the judgment had been thereby annulled. With respect to insolvency, this court said:

"The insolvency of the partnership at the date of the judgment seems to have been assumed in the court below. At any rate, no issue of solvency or insolvency at the date of the judgment appears to have been made. We express no opinion as to the existence of such insolvency or its effect."

The Supreme Court, without passing on the question whether the adjudication of the partnership as bankrupt carried with it the adjudication of the individuals, reversed the decree of this court on the ground that the trustee had neither alleged nor proved the insolvency of the individuals at the date of the bank's judgment. The opinion of the Supreme Court concludes:

"There being neither allegation nor proof by the trustee of the insolvency of the Beckers when the bank recovered its judgment and fastened its liens upon their real estate, the decree of the Circuit Court of Appeals is reversed and the cause remanded to the District Court for further proceedings not inconsistent with this opinion."

The language of the mandate was:

"And it is further ordered that this cause be, and the same is hereby remanded to the District Court of the United States for the Western District of Virginia for further proceedings in conformity with the opinion of this court."

When the cause came back to the District Court, that court remanded the case to a special referee with directions to allow the trustee to amend his petition and introduce evidence on the amended allegations; and to decide the issue of insolvency thereby made in accordance with the opinion of the Supreme Court and of this court. In giving its reasons for this action the court said:

"I know of no provision of either the Bankrupt Act or of the General Orders which requires a written pleading in order to make objection to a claim presented as a secured claim. The failure of the trustee

to make allegations of insolvency was rather a technical default, and the failure of the bank to call attention to the incompleteness of the trustee's pleading while the case was in this court forbids that the trustee's error should now be treated as fatal."

The question before us now is whether the District Judge had the power to allow the amendments so that insolvency at the time the judgment was obtained could be alleged and proved. It need hardly be said that our duty and desire is to give full effect to the decision of the Supreme Court. In ascertaining its effect, consideration must be given to the language and reasoning of the opinion, and the conclusions stated in the opinion and the mandate to the District Court.

In the first place, it is to be observed that the vital question of insolvency at the date of the judgment was never tried in the District Court. Insolvency was not averred in the trustee's objection to the lien of the judgment; nor was the objection that it was not averred or proved made by the bank in its exceptions to the referee's report against its claim of a lien; nor was the existence or nonexistence of insolvency or its effect passed on by the District Court or this court. The Supreme Court did not decide this issue of fact. It only held that insolvency should have been alleged and proved. Under these circumstances, it does not seem reasonable to attribute to the Supreme Court the intention to prevent the trial of the untried and vital question by denying to the District Court the power, in its discretion, to amend the pleadings and decide this vital issue of fact not tried nor raised by either party in that court.

Again, had the Supreme Court intended to shut off amendment and trial of the issue of insolvency, its appropriate order and mandate would have been for the reversal of the decree of the Circuit Court of Appeals and affirmance of that of the District Court, as in Cole v. Ralph, 252 U. S. 286, 308, 40 S. Ct. 321, 64 L. Ed. 567, and many other cases. This the Supreme Court was careful not to do. On the contrary, it merely reversed the decree of the Circuit Court of Appeals and remanded the case to the District Court for further proceedings not inconsistent with its opinion. It is true the Supreme Court has ruled that even where these words are used "when the merits of the case have been decided by this court on appeal the District Court has no authority without express leave of this court to grant a new trial, a rehearing or a

review, or to permit new defenses on the merits to be introduced by amendments to the answer." In re Potts, 166 U. S. 263, 267, 17 S. Ct. 520, 41 L. Ed. 994. But as we have pointed out, here there was no final adjudication on the merits of the issue which the Supreme Court held vital—namely, the insolvency of the bankrupts at the date of the judgment—in the District Court or the Circuit Court of Appeals or the Supreme Court. In that situation, the rule is well established that when the appellate court remands the case for further proceedings not inconsistent with its opinion or in conformity therewith, it expresses the intention that its decree should not be final and the pleadings should be open for amendment at the discretion of the trial court. This is expressly decided in Re Sanford Fork & Tool Co., 160 U. S. 247, 255, 259, 16 S. Ct. 291, 40 L. Ed. 414; Smith v. Adams, 130 U. S. 167, 177, 9 S. Ct. 566, 32 L. Ed. 895; Mutual Life Insurance Co. v. Hill, 193 U. S. 551, 553, 24 S. Ct. 538, 48 L. Ed. 788; In re Louisville, 231 U. S. 639, 645, 34 S. Ct. 255, 58 L. Ed. 413; Louisville v. Cumberland Telephone Co., 231 U. S. 652, 34 S. Ct. 260, 58 L. Ed. 419; Arkadelphia Co. v. St. Louis S. W. Ry. Co., 249 U. S. 134, 143, 39 S. Ct. 237, 63 L. Ed. 517; Wells Fargo & Co. v. Taylor, 254 U. S. 175, 181, 41 S. Ct. 93, 65 L. Ed. 205. Applying the reasoning in the Wells Fargo Case, had the District Court in the first instance held that it was necessary for the trustee to allege and prove insolvency, there can be no doubt it would have had the power to allow amendment and proof on that issue. That being so, the District Court could take the same course after the case is remanded for further proceedings. See, also, Hawkins v. C. C. C. & St. L. Ry., 99 F. 322, 39 C. C. A. 538.

The state decisions go even further in allowing amendments after reversal and remand to the trial court. Cable, Ex'r, et al. v. Ellis et al., 120 Ill. 136, 11 N. E. 188; Rush et al. v. Rush et al., 170 Ill. 623, 48 N. E. 990; Paige et al. v. Hieronymus, 192 Ill. 546, 61 N. E. 832; Dinsmoor v. Rowse et al., 211 Ill. 317, 71 N. E. 1003; Reynolds et al. v. Newaygo Circuit Judge, 109 Mich. 403, 67 N. W. 529; State ex rel. Thompson v. District Court for Johnson County, 2 Neb. Unof. 385, 96 N. W. 121; State ex rel. Broderick v. District Court, 91 Minn. 161, 97 N. W. 581; Hoagland et al. v. Stewart, 71 Neb. 102, 98 N. W. 428; also, 100 N. W. 133; Kossuth County Bank v. Richardson et al., 141 Iowa, 738, 118 N. W.

906; Sowerwine et al. v. Central Irr. Dist., 91 Neb. 457, 136 N. W. 44; Seymour State Bank v. Rettler, 166 Wis. 450, 166 N. W. 40; Sheppard et al. v. Wagner et al., 240 Mo. 409, 144 S. W. 394, 145 S. W. 420; Consolidated Steel & Wire Co. et al. v. Burnham et al., 8 Okl. 514, 58 P. 654; Richardson v. Carbon Hill Coal Co., 18 Wash. 368, 51 P. 402; Smith et al. v. Schlink, 44 Colo. 200, 99 P. 566; State ex rel. La France Co. v. District Court, 40 Mont. 206, 105 P. 720.

The decree and mandate of the Supreme Court should be looked at in the light of another principle of the utmost value in the effort of courts to decide cases on the merits rather than on technicalities: There is a very strong presumption against the intention of any court most of all the Supreme Court, to render a final judgment beyond amendment of pleadings and proof, when from inadvertence or mistake or misunderstanding of the parties the pleadings and proof failed to cover an issue vital to a just decision on the merits of the controversy.

Both on principle and authority, it seems to us clear that the amendment allowed by the District Court was within its discretion.

It is not unreasonable to suppose that in so framing its decree and mandate that the amendment might be made, the Supreme Court may have had in view the provisions of section 57k of the Bankruptcy Act (Comp. St. § 9641), providing that "claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part, according to the equities of the case, before but not after the estate has been closed."

We should not hold that the Supreme Court intended to prevent the trial of a vital issue to which neither party was advertent, or rather which both parties assumed, which was not tried in the District Court nor the Circuit Court of Appeals nor the Supreme Court. Especially would this be unjustifiable when the Supreme Court was careful not to affirm the decree of the District Court, but to remand the case for further proceedings not inconsistent with its decree.

Affirmed.

ROSE, Circuit Judge (dissenting). The real estate upon which the Supreme Court held that the bank had a lien is being administered in bankruptcy. Before the successful litigant can reap the fruits of its victory, the court below must act. Because the Supreme Court recognized this obvious fact and remanded the cause for further proceedings, I do not think that it intended to give the trustee another try at showing that no lien existed.

With all due deference to my Brethren, I cannot see that the view that that inquiry is still open is supported by any of the Supreme Court cases cited in the majority opinion. Some of them, such as In re Sanford Fork & Tool Co., 160 U. S. 247, 16 S. Ct. 291, 40 L. Ed. 414; Mutual Life Insurance Co. v. Hill, 193 U. S. 551, 24 S. Ct. 538, 48 L. Ed. 788, and Wells Fargo Co. v. Taylor, 254 U. S. 175, 41 S. Ct. 93, 65 L. Ed. 205, came up upon questions of pleading. Under such circumstances, a reversal puts the case back in the position it would have been had the error of the trial court not been made. In re Louisville, 231 U. S. 637, 645, 34 S. Ct. 255, 58 L. Ed. 413, and Louisville v. Cumberland Telephone Co., 231 U. S. 652, 34 S. Ct. 260, 58 L. Ed. 419, were rate cases. The trial court had granted a preliminary injunction against the enforcement of an ordinance before it had been tested in practice. The Supreme Court thought that upon the conflicting testimony, the result was too near the dividing line to make actual experiment unnecessary. It therefore reversed the decree without prejudice and sent the cause back for further proceedings. In this state of affairs, it naturally held that the District Judge, in retaining the bill to inquire as to the actual operation of the ordinance, did precisely what it intended he should do.

In Arkadelphia Co. v. St. Louis S. W. Ry. Co., 249 U. S. 134, 39 S. Ct. 237, 63 L. Ed. 517, also a rate case, the lower court had granted an injunction and required the plaintiff to give bond. The Supreme Court dissolved the injunction and directed that the bill should be dismissed, but it nevertheless subsequently sustained the action of the lower court in entering decrees on the bond in favor of shippers who had been injured by the injunction through having to pay, during its continuance, higher rates than should properly have been exacted from them.

In Smith v. Adams, 130 U. S. 167, 9 S. Ct. 566, 32 L. Ed. 895, a territorial district court of Dakota sustained a demurrer to a petition attacking the validity of a county seat election. Upon appeal the Supreme Court of the territory held that the petition was good and that the demurrer should be overruled, and it remanded the case for further proceedings. The Supreme

Court dismissed an appeal from this latter decision on the ground that it was not a final judgment.

The facts of these cases seem to me to be remote from those before us. Before referee, District Court, Circuit Court of Appeals, and the Supreme Court, the bank and the trustee have, for years, litigated whether the former had the lien claimed. The decision of the highest court of the nation is in its favor. I do not believe that the trustee can now begin the fight over again merely because by design or by inadvertence, he originally failed to allege or to prove an essential element of his case. If it becomes generally understood that cases can be tried in that piecemeal fashion, the delays and expenses of litigation will be greater than ever, and wealthy and obstinate individuals will find a powerful weapon of oppression ready at hand. No one can doubt that cases should be decided upon their merits rather than upon technicalities, but it is no less true that justice postponed is ofttimes justice denied.