## BISBEE LINSEED CO. v. PARAGON PAINT & VARNISH CORPORATION.

### No. 332.

Circuit Court of Appeals, Second Circuit.
April 5, 1937.

Lyon, Lee & Lyon, of New York City (Robert B. Ely, III, of Philadelphia, Pa., and Herbert B. Lee and Walter S. Buck, both of New York City, of counsel), for appellant.

Gordon & Gordon, of New York City (Jacob Gordon, Mortimer S. Gordon, and Harry Mesard, all of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This is an action upon a contract to purchase from the plaintiff a quantity of linseed oil deliverable in instalments. The defendant's answer set up as a complete defense a judgment entered in a prior litigation between the parties. At the close of the evidence, the trial court refused to submit the case to the jury and granted the defendant's motion to dismiss the complaint on the ground of res judicata. From the judgment of dismissal, with costs to the defendant, the plaintiff has appealed.

The former action was brought in 1931 upon the same contract. The first count was for the price of oil delivered; the second was for damages for not taking oil contracted for. The plaintiff had judgment on a jury's verdict and the defendant appealed, bringing up only the judgment roll and assigning errors with respect to the second cause of action. This court reversed the judgment on the ground that the complaint was insufficient as to the second cause of action, because it alleged neither a tender of the oil nor an excuse for not tendering it, such as repudiation by the defendant. Bisbee Linseed Co. v. Paragon Paint & Varnish Corporation, 66 F.(2d) 595, 597. A writ of certiorari was denied to the plaintiff. 290 U.S. 701, 54 S.Ct. 228, 78 L.Ed. 602. After our mandate was filed, the District Court entered an order on September 20, 1933, dismissing the second cause of action and directing the judgment previously entered to be reduced accordingly. This was done and the judgment so reduced was subsequently paid and satisfied of record. Thereafter, in October, 1935, the present action was brought. It seeks recovery of the same damages sued for in the second cause of action of the first complaint, plus additional accrued interest, but it contains an allegation not in that complaint, namely, a repudiation of the contract by notification to the plaintiff that the defendant would not receive the oil if tendered, or pay for it if delivered. The prior judgment was pleaded as res judicata. As already stated, this plea was sustained and the complaint was dismissed without submitting the case to the jury.

In seeking reversal the plaintiff relies upon the first sentence of section 482 of the New York Civil Practice Act, which says that a judgment dismissing the complaint before the close of the plaintiff's evidence does not bar a new action, unless the judgment expressly declares that it is "rendered on the merits." The dismissal of September 20, 1933, did not so declare. The defendant, on the other hand, relies

upon the second sentence of said section 482. This provides that a dismissal of the complaint at the close of the plaintiff's evidence or of the whole evidence shall bar a new action, unless "the court shall dismiss without prejudice." The dismissal did not contain the words "without prejudice," and it appears from the record on the prior appeal that on the trial a motion to dismiss the second cause of action was made at the close of the plaintiff's evidence and renewed at the close of all the evidence. Hence the defendant contends that section 482 applies in its favor, as in Bohenik v. Delaware & Hudson Co., 49 F.(2d) 722 (C.C.A. 2).

In our opinion, the case is governed by the first sentence of section 482. When this court reversed the judgment obtained in the first action, the effect was to wipe out the prior trial with respect to the second cause of action, and to leave nothing but the pleadings, which the district court could have permitted to be amended. Wells Fargo & Co. v. Taylor, 254 U.S. 175, 181, 41 S.Ct. 93, 95, 65 L.Ed. 205; Hawkins v. Cleveland, C., C. & St. L. Ry. Co., 99 F. 322 (C.C.A. 7); Liberty Nat. Bank v. Bear, 4 F.(2d) 240 (C.C.A. 4). We were restricted to the judgment roll and we had held that the complaint was insufficient, but we had not ordered it dismissed. That was done by the district court sua sponte and before the plaintiff had put in any evidence whatever, as the case stood after reversal. So the dismissal was on the pleadings, and was not declared to be on the merits. Richard v. American Union Bank, 225 App.Div. 634, 234 N.Y.S. 177, affirmed 253 N.Y. 166, 170 N.E. 532, 69 A.L.R. 667, is controlling. The defense of res judicata was erroneously sustained.

With this defense out of the case, the plaintiff contends that the District Court should have granted its motion to direct a verdict for it under the issue of general denial, and that this court should now direct a final judgment for the plaintiff. On what theory a federal appellate court could do this is not apparent. No jury has passed upon the issues raised by the complaint and general denial in the present action. Hoffman v. American Mills Co., 288 F. 768 (C.C.A. 2), was very different. There the trial court reserved decision on the motion to dismiss the complaint and took a verdict, which turned out to be for the plaintiff. The court then dismissed the complaint but left the verdict standing. On appeal we held that the complaint was erroneously dismissed and we directed judgment for the plaintiff on the verdict. In the case at bar there is no verdict upon which judgment could be entered.

Judgment reversed and cause remanded for trial.