### North Avenue Building & Loan Association et al., on appeal of Albert J. Kemper and Herman J. Westphal, Executors, Appellants, v. Christina Huber, Appellee.

### Gen. No. 22,344.

APPEAL AND ERROR, § 1833*—*when denial of motion for leave to file amended and supplemental bill upon remand of case is proper.* Where the Supreme Court has reversed the judgment of the Appellate Court and has remanded the cause to the Circuit Court "for such other and further proceedings as to law and justice shall obtain," and, upon the reinstatement of the cause in the Circuit Court, the chancellor finds that the entire issue and subject-matter of the cause precipitated by the pleadings and set forth in the record has been adjudicated by the Supreme Court, and no draft or copy of any proposed amended and supplemental bill of complaint is presented in connection with a motion made for leave to file such amended and supplemental bill, but merely a written

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

motion accompanied by an affidavit of the solicitor setting forth transactions in another court and by copies of the opinions of the Supreme and Appellate Courts, it is not error to deny the motion for leave to file the amended bill and to enter an order dismissing the original bill.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed November 30, 1917. Rehearing denied December 12, 1917.

CHRISTIAN MEIER and GOLDZIER, RODGERS & FROEHLICH, for appellants.

FREDERICK MAINS, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

Inasmuch as this cause has been recently before the Supreme Court (*North Ave. Building & Loan Ass'n v. Huber*, 270 Ill. 75), in the opinion of which there is set forth quite exhaustively all the facts necessary to an understanding of the general issues involved prior to the motions made when the cause was remanded to the Circuit Court, it is unnecessary to reiterate them here.

This is an appeal by the complainants, Albert J. Kemper and Herman J. Westphal, executors of the estate of William Kemper, deceased, from an order of the chancellor, (1) denying a motion of the complainants to dismiss the North Avenue Building & Loan Association as a complainant; (2) refusing to allow the executors of the estate of Kemper to file an amended and supplemental bill of complaint and (3) dismissing the original bill of complaint in accordance with the mandate of the Supreme Court.

On July 15, 1914, after the Appellate Court had affirmed, with slight modification, the decree of the chancellor [187 Ill. App. 42], the cause was reinstated in the Circuit Court and an order was entered which

recited that, as William Kemper died March 18, 1914, testate, and Albert J. Kemper and Herman J. Westphal are the executors of his will, and, as William Kemper was named trustee and Henry J. Kemper successor in trust (the latter dying prior to William Kemper), Albert J. Kemper and Herman J. Westphal, the executors under the last will and testament of William Kemper, deceased, be substituted as parties complainant in place of William Kemper "under and pursuant to the terms and provisions of said trust deed" and be "made the parties complainant in place of William Kemper, trustee." Subsequently, on January 11, 1916, the Supreme Court having reversed the judgment of the Appellate Court and remanded the cause to the Circuit Court "for such other and further proceedings as to law and justice shall obtain," the mandate of the Supreme Court was filed and the cause reinstated in the Circuit Court.

The proceedings in the Circuit Court, since January 11, 1916, and which are of importance here, are as follows:

(1) On January 15, 1916, an order was entered dismissing the bill of complaint as to Christina Huber and the property described in the bill of complaint, and that the receiver make a report.

(2) On January 22, 1916, the solicitor for the complainants having moved to vacate the decree of January 15, 1916, that motion was continued until January 29, 1916, and leave given to file documents and papers in support of the motion. On January 28, 1916, a written motion, signed by the complainants and sworn to by their solicitor, together with a copy of certain rules of court, was filed.

(3) On February 1, 1916, the motion of the complainants that the decree and orders of January 15, 1916, by reason of irregularity and nonconformance with the rule of the court, and misunderstanding, be vacated and set aside was allowed.

274 APPELLATE COURTS OF ILLINOIS.

North Avenue Bldg. & Loan Assn. v. Huber, 208 Ill. App. 271.

(4) On the same day, February 1, 1916, Albert J. Kemper and Herman J. Westphal, executors, etc., moved the court to enter an order "granting leave to these complainants to file an amended and supplemental bill of complaint  *  *  * ¹ within ten days of the date of presentation of this motion, and for a rule on the defendants to plead, answer or demur to the same within such time as the court" might determine. The solicitor for the executors filed with that motion an affidavit which recited, *inter alia*, that. the executors, on December 30, 1915, scheduled in the Probate Court the notes and trust deed in question as an asset of the estate of William Kemper, deceased, and that a claim of the North Avenue Building & Loan Association for moneys paid by it to the said William Kemper, during his lifetime, upon the said notes and trust deed, was allowed in the Probate Court in the sum of $24,000.93. There were also filed with that motion the opinions of the Supreme and Appellate Courts.

Also, on the same day, an order was entered by the chancellor, finding (1) that no draft or copy of the proposed amended and supplemental bill of complaint was presented in connection with said motion; (2) that the entire subject-matter of the suit as presented by the record had been fully adjudicated and passed upon by the Supreme Court; and (3) denying the motion of the executors to be allowed to file an amended and supplemental bill of complaint; (4) denying the motion of the executors to dismiss the North Avenue Building & Loan Association as parties complainant; and (5) ordering that the ingrossed amended bill of complaint be dismissed for want of equity as to Christina Huber and as to the premises described therein and that the receiver file, within a short period, an account of his receivership.

Bearing in mind that the mandate of the Supreme Court had been filed and the cause reinstated on Janu-

ary 11, 1916, and that all the issues involved as the
pleadings then stood had been adjudicated, an exam-
ination of the motion of February 1, 1916, for leave
to file an amended and supplemental bill of complaint
within 10 days, gives rise to the question whether the
chancellor, in the exercise of his discretion, was right
in denying that motion. It is contended by appellants
that "the claims made by the executors are fully and
completely set forth in the petition filed asking leave
of the court to file an amended and supplemental bill."
The record shows, however, that the executors, on
February 1, 1916, presented a written motion (not
a petition) requesting the court for 10 days within
which to file an amended and supplemental bill of
complaint, and presented with that motion an affidavit
of the solicitor, setting forth what had been done in
the Probate Court, and, also attached thereto, copies
of the opinions of the Supreme and Appellate Courts.
On the other hand, it is contended by the appellee that,
as no proffer was made of an amended and supple-
mental bill of complaint on February 1, 1916, at the
time the motion was made for leave to file, it would
have been irregular and erroneous practice for the
chancellor to have allowed that motion. In *Dinsmoor
v. Rowse*, 211 Ill. 317, the court intimated that when
a decree is reversed and the cause remanded without
specific directions, the lower court "may permit
amendments to the pleadings and the introduction of
other evidence so long as the same are not inconsistent
with the principles announced by the Court of Review
and do not introduce grounds that did not exist at
the hearing in the court below." In the Supreme
Court, in the instant case, Mr. Justice Farmer said:
"Whatever the remedy of the association may be, we
do not think it is by way of foreclosure in a court of
equity" and, further: "In our opinion the decree of
the Circuit Court and the judgment of the Appellate
Court were erroneous, and they are reversed and the

cause remanded." Under the circumstances, as the matter appeared before the chancellor upon the reinstatement of the case and the presentation of the motion of appellants, it was his duty to consider the law of the case as announced in the opinion of the Supreme Court and render judgment consistent therewith. Of course, the written motion of appellants, together with the affidavits and papers attached, cannot be said to take the place of an amended and supplemental bill of complaint. Giving them the fullest indulgence, they do not state a complete cause of action. As a matter of fact, it was impossible, at the time the motion was presented and considered by the chancellor, for him to know exactly what the moving party had in mind by way of amendment and supplement. Under those circumstances, finding, as the chancellor did, that the entire issue and subject-matter of the cause precipitated by the pleadings and set forth in the record had been fully and finally adjudicated and passed upon by the Supreme Court and that no draft or copy of any proposed amendment and supplemental bill of complaint was presented in conjunction with the motion, we are of the opinion that no error was committed in overruling the motion and ordering that the so-called engrossed amended bill of complaint, as far as it pertained to Christina Huber and the premises in question, be dismissed for want of equity.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*